ERIC W. SWANIS, ESQ.
Nevada Bar No. 06840
BETHANY L. RABE, ESQ.
Nevada Bar No. 11691
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada  89135
Telephone:    (702) 792-3773
Facsimile:    (702) 792-9002
Email:      swanise@gtlaw.com
            rabeb@gtlaw.com

*Counsel for Defendants Enterprise Leasing*
*Company-West, LLC dba Enterprise Rent-A-Car*
*and Enterprise Holdings, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DANIELLE S. BRISSETT, an individual; ANTHONY HAMMOND JR., an individual; D.B., a minor by and through his natural mother and guardian DANIELLE S. BRISSETT; C.E., a minor by and through her natural mother and guardian DANIELLE S. BRISSETT; and L.B., a minor by and through her natural mother and guardian DANIELLE S. BRISSETT;<br><br>Plaintiffs,<br><br>v.<br><br>ENTERPRISE LEASING COMPANY-WEST, LLC dba ENTERPRISE RENT-A-CAR, a foreign limited liability company; ENTERPRISE HOLDINGS, INC., a foreign corporation; DOES 1 through 10; ROE CORPORATIONS 13 through 20; and ABC LIMITED LIABILITY COMPANIES 21 through 30, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446** |

/ / /

/ / /

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Enterprise Leasing Company-West LLC dba Enterprise Rent-A-Car ("Enterprise West") and Enterprise Holdings, Inc. ("Enterprise Holdings" or collectively with Enterprise West, the "Enterprise Defendants"), by and through their counsel, the law firm of Greenberg Traurig, LLP, file this Notice of Removal from the Eighth Judicial District Court of Clark County, Nevada, to the United States District Court for the District of Nevada (the "Notice").  In support of removal, Defendants state as follows:

## I.    BACKGROUND AND PROCEDURAL POSTURE

1.    Plaintiffs Danielle S. Brissett ("Danielle"), Anthony Hammond Jr. ("Anthony"), D.B. ("DB"), C.E. ("CE"), and L.B. ("LB," or collectively, "Plaintiffs") commenced this action in the Eighth Judicial District Court, Clark County, Nevada, Case No. A-24-886757-C (the "State Court Action").

2.    Plaintiffs filed their Complaint on February 8, 2024.  Plaintiffs filed their First Amended Complaint ("FAC") on April 22, 2024.  A copy of the FAC is attached as **Exhibit A**.

3.    The FAC asserts claims for relief for malicious prosecution, abuse of process, false imprisonment, intentional infliction of emotional distress, negligence, negligent infliction of emotional distress, negligent supervision, management, and training, and assault.  In support of these claims, Plaintiffs allege that the Enterprise Defendants (1) falsely initiated a criminal proceeding against Danielle by filing a police report (after Ms. Brissett failed to return a rental vehicle that was over three (3) weeks overdue); (2) the false police report and/or failure to correct information in the police report resulted in the filing of a criminal complaint in December 2016 and the subsequent detention, arrest, imprisonment and/or prosecution of Danielle almost seven (7) years later; and (3) by breaching their duty of care the Enterprise Defendants caused Plaintiffs extreme and serious emotional distress.  *See* **Ex. A**, FAC, ¶¶ 123, 149, 221.

4.    Plaintiffs' actions arise from a vehicle rental, wherein Plaintiffs allege that Danielle rented a car from the Enterprise Defendants.  **Ex. A**, FAC, ¶ 70.  Danielle sought the rental vehicle for the purpose of relocating from Las Vegas, Nevada to Pittsburgh, Pennsylvania.  **Ex. A**, FAC, ¶ 71.  Danielle's initial rental reservation date range for the rental vehicle was from

October 3, 2016 to October 10, 2016, and the final date range for the rental vehicle listed on the rental agreement was from October 3, 2016 to October 7, 2016.  **Ex. A**, FAC, ¶ 72.  Plaintiffs allege that on or around October 9, 2016 Danielle extended her lease agreement to November 1, 2016 by calling the Enterprise Defendants.  **Ex. A**, FAC, ¶ 75.

5.    Plaintiffs allege that on or around October 31, 2016 or November 1, 2016, Danielle contacted the Enterprise Defendants regarding where she should return the rental vehicle, and did so at a location in Wilkinsburg, Pennsylvania.  **Ex. A**, FAC, ¶¶ 76-78.  Plaintiffs allege that on or before November 1, 2016, the Enterprise Defendants submitted a false theft report and/or made a claim to the police that Danielle had stolen and/or failed to return the rental vehicle.  **Ex. A**, FAC, ¶ 82.  On December 9, 2016, the State of Nevada filed a criminal complaint against Danielle for the crime of embezzlement.  **Ex. A**, FAC, ¶ 83.

6.    On or around August 4, 2023, Danielle was driving with DB and LB in Wilkins Township when she was pulled over by the police for an unrelated driving infraction.  **Ex. A**, FAC, ¶ 84.  As a result of the outstanding warrant, Danielle was arrested in front of DB and LB.  **Ex. A**, FAC, ¶¶ 84-85.  Over the next six (6) days, Danielle remained in jail.  **Ex. A**, FAC, ¶ 93.

7.    Plaintiffs served the FAC on Enterprise West and Enterprise Holdings on April 25, 2024 and April 26, 2024, respectively.

8.    Upon information and belief and based upon the public database records of the Clark County District Court, as of the date of filing this Notice, all Defendants have been served.  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Court Action available on the Eighth Judicial District Court website are attached as **Exhibit B**.

9.    On May 22, 2024, Plaintiffs filed their Notice of Voluntary Dismissal Without Prejudice of Kings Row Trailer Park, Inc., the only defendant with Nevada citizenship.  *See id.*

10.    The FAC is unclear on its face as to the amount in controversy, and merely states that Plaintiffs' damages claims exceed $15,000.  **Ex. A**, FAC, ¶ 1; **Ex. A**, FAC, Prayer for Relief ¶ 1.  On June 27, 2024, Plaintiffs served a demand letter ("Demand Letter") on the Enterprise Defendants seeking millions of dollars in damages.[1]

---

[1] *See* **Exhibit C**, Declaration of Eric W. Swanis, Esq., ¶¶ 4-5.  Defendants will provide a copy of

11.     The Enterprise Defendants hereby file this Petition for Removal within thirty (30) days of receiving the Demand Letter pursuant to 28 U.S.C. § 1446(b)(3).[2]

12.     This action may be removed to this United States District Court under 28 U.S.C. § 1441(a)-(b), as this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  28 U.S.C. § 1332(a)(1)-(2) provides in relevant part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States . . . [and] (2) citizens of a State and citizens or subjects of a foreign state. . .."  28 U.S.C. § 1332(a)(1)-(2).

## II.     THE ACTION IS BETWEEN CITIZENS OF DIFFERENT STATES

13.     Plaintiffs are, and were at all relevant times, citizens of Pennsylvania.  **Ex. A**, FAC, ¶¶ 2-6.

14.     Diversity jurisdiction involving entities depends on the form of the entity.  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  28 U.S.C. § 1332(c)(1) provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has a principal place of business."  A limited liability corporation is a citizen of every state of which its owners/members are citizens for the purposes of diversity jurisdiction.  *Johnson*, 437 F.3d at 899.

15.     Enterprise West is, and was at the time the State Court Action was filed, a limited liability company formed under the laws of Delaware with a sole member and owner—Enterprise Holdings, Inc.  *See* **Ex. A**, FAC, ¶ 8.

16.     Enterprise Holdings, Inc. is a Missouri corporation with its principal place of business in Missouri.  **Ex. A**, FAC, ¶ 9.  Enterprise West is thus a citizen of Missouri for the purpose of diversity jurisdiction.

---

the Demand Letter to the Court *in camera* or under seal should it desire to review it.

[2] When a civil action is removed, "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  Here, all the remaining named Defendants, i.e., Enterprise Defendants, consent to removal because Kings Row Trailer Park, Inc. has been dismissed.

17.     No defendant is a citizen of Nevada for diversity purposes.

18.     For removal purposes, the citizenship of the DOE Defendants, ROE Corporations, and ABC limited liability companies are disregarded.  *See* 28 U.S.C. § 1441(b).

19.     There is complete diversity of citizenship between the parties, as Plaintiffs are citizens of Pennsylvania, and none of the Defendants are citizens of Missouri.

## III.     THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

20.     The amount in controversy for removal is not facially satisfied by the FAC, which merely states that it exceeds $15,000.  **Ex. A**, FAC, ¶ 1; **Ex. A**, FAC, Prayer for Relief ¶ 1.  The amount in controversy requirement must be in excess of $75,000.00.  *See* 28 U.S.C. § 1332.

21.     The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Barra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015).

22.     Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdiction amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted).  "If not, the court may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Id.* (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (5th Cir. 1995)).  The Ninth Circuit has held settlement demands are "relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).

23.     The Enterprise Defendants dispute that they are liable for any damages to Plaintiffs.  Nevertheless, Plaintiffs seek millions of dollars in damages from Defendants.  There is no reason to think that Plaintiffs have intentionally made a demand that they believe is unreasonable.  *See* **Ex. C**, ¶ 5.  Thus, the amount in controversy requirement is satisfied.

/ / /

/ / /

/ / /

1

## IV.    NOTICE TO STATE COURT AND ADVERSE PARTY

2   24. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal

3 is (i) being served on all named parties to this suit that have lodged an appearance in the State

4 Court Action and (ii) filed this date with the Clerk of the Eighth Judicial District Court.

5   25. If any question arises as to the propriety of this removal, the Enterprise Defendants

6 request the opportunity to brief any disputed issues and to present oral argument in support of

7 their position that this case is properly removable.

8   26. Nothing in this Notice of Removal shall be interpreted as a waiver or

9 relinquishment of the Enterprise Defendants' right to assert any defense or affirmative matter,

10 including, but not limited to, the defenses of lack of jurisdiction, improper venue, insufficiency

11 of process, insufficiency of service of process, failure to state a claim, fraudulent joinder or any

12 other procedural or substantive defense available to Defendants.

13   Based on the foregoing, the Enterprise Defendants respectfully remove the State Court

14 Action to this Court.

15   DATED this 26th day of July, 2024.

16        GREENBERG TRAURIG, LLP

17     By: /s/ Eric W. Swanis

18       ERIC W. SWANIS, ESQ.
         Nevada Bar No. 06840

19       BETHANY L. RABE, ESQ.
         Nevada Bar No. 11691

20       10845 Griffith Peak Drive, Suite 600
         Las Vegas, Nevada  89135

21       Email: swanise@gtlaw.com
           rabeb@gtlaw.com

22       ***Counsel for Defendants,***
       ***Enterprise Leasing Company-West, LLC***

23       ***dba Enterprise Rent-A-Car and***
       ***Enterprise Holdings, Inc.***

24

25

26

27

28

- 6 -

1

**CERTIFICATE OF SERVICE**

I hereby certify that on the **26th day of July, 2024**, a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system.  Notice of filing will be served on all parties by operation of the Court's EM/ECF system, and parties may access this filing through the Court's CM/ECF system.

_/s/  Evelyn Escobar-Gaddi_
An employee of GREENBERG TRAURIG, LLP

| INDEX OF EXHIBITS | |
|---|---|
| **EXHIBIT** | **DESCRIPTION** |
| **A** | First Amended Complaint |
| **B** | Selected State Court Filings |
| **C** | Declaration of Eric W. Swanis |