# **Exhibit 2**

# **Exhibit 2**

# **Exhibit 2**

Electronically Filed
4/22/2024 4:59 PM
Steven D. Grierson
CLERK OF THE COURT

**ACOM**
CHRISTIAN M. MORRIS, ESQ.
Nevada Bar No. 11218
VICTORIA R. ALLEN, ESQ.
Nevada Bar No. 15005
SARAH E. DISALVO, ESQ.
Nevada Bar No. 16398
**CHRISTIAN MORRIS TRIAL ATTORNEYS**
2250 Corporate Circle, Suite 390
Henderson, Nevada 89074
T: (702) 434-8282
F: (702) 434-1488
Christian@CMTrialAttorneys.com
Victoria@CMTrialAttorneys.com
Sarah@CMTrialAttorneys.com
*Attorneys for Plaintiffs*

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| DANIELLE S. BRISSETT, an individual; ANTHONY HAMMOND JR., an individual; DAIMIER BRISSETT, a minor by and through his natural mother and guardian DANIELLE S. BRISSETT; CHRISTENE EARLY, a minor by and through her natural mother and guardian DANIELLE S. BRISSETT; and LEGEND BRISSETT, a minor by and through her natural mother and guardian DANIELLE S. BRISSETT;<br><br>        Plaintiffs,<br><br>vs.<br><br>ENTERPRISE LEASING COMPANY-WEST, LLC d/b/a ENTERPRISE RENT-A-CAR, a foreign limited liability company; ENTERPRISE HOLDINGS, INC., a foreign corporation, KINGS ROW TRAILER PARK, INC., a Nevada corporation; DOES 1 through 10; ROE CORPORATIONS 13 through 20; and ABC LIMITED LIABILITY COMPANIES 21 through 30, inclusive,<br><br>        Defendants. | CASE NO.: A-24-886757-C<br>DEPT NO.: 2<br><br><br><br><br><br><br><br>**FIRST AMENDED COMPLAINT** |

*Left margin (vertical):* CHRISTIAN MORRIS TRIAL ATTORNEYS
2250 Corporate Circle, Suite 390
Henderson, Nevada 89074
702-434.8282 / 702-434.1488 (fax)

1

COMES NOW, Plaintiffs, DANIELLE S. BRISSETT, an individual; ANTHONY HAMMOND JR., an individual; DAIMIER BRISSETT, a minor by and through his natural mother and guardian DANIELLE S. BRISSETT; CHRISTENE EARLY, a minor by and through her natural mother and guardian DANIELLE S. BRISSETT; and LEGEND BRISSETT, a minor by and through her natural mother and guardian DANIELLE S. BRISSETT, by and through their attorneys, CHRISTIAN M. MORRIS, ESQ., VICTORIA R. ALLEN, ESQ., and SARAH E. DISALVO, ESQ. of the law firm CHRISTIAN MORRIS TRIAL ATTORNEYS, for their causes of action against Defendants, and each of them, allege as follows:

### STATEMENT OF JURISDICTION AND VENUE

1.      The Eighth Judicial District Court has jurisdiction over this civil tort action pursuant to NRCP 8(a)(4), NRS 13.040, and NRS 41.130 as some of the events, injuries, and damages giving rise to this action took place in Clark County, Nevada, Defendants, or any of them, reside in Clark County, Nevada, and the amount in controversy exceeds $15,000.00.

### GENERAL ALLEGATIONS REGARDING PARTIES

2.      Plaintiff DANIELLE S. BRISSETT (hereinafter "Plaintiff Danielle") was at all times relevant hereto a resident of Allegheny County, Pennsylvania.

3.      Plaintiff ANTHONY HAMMOND JR. (hereinafter "Plaintiff Anthony") was at all times relevant hereto a resident of Allegheny County, Pennsylvania.

4.      Plaintiff DAIMIER BRISSETT (hereinafter "Plaintiff Daimier") is a minor by and through her natural mother and guardian Plaintiff DANIELLE and was at all times relevant hereto a resident of Allegheny County, Pennsylvania.

5.      Plaintiff CHRISTENE EARLY (hereinafter "Plaintiff Christene") is a minor by and through her natural mother and guardian Plaintiff DANIELLE and was at all times relevant hereto a resident of Allegheny County, Pennsylvania.

6.      Plaintiff LEGEND BRISSETT (hereinafter "Plaintiff Legend") is a minor by and through her natural mother and guardian Plaintiff DANIELLE and was at all times relevant hereto a resident of Allegheny County, Pennsylvania.

///

CHRISTIAN MORRIS TRIAL ATTORNEYS
2250 Corporate Circle, Suite 390
Henderson, Nevada 89074
702-434.8282 / 702-434.1488 (fax)

**CHRISTIAN MORRIS TRIAL ATTORNEYS**
2250 Corporate Circle, Suite 390
Henderson, Nevada 89074
702-434.8282 / 702-434.1488 (fax)

7.     Plaintiff Danielle is the natural mother and guardian of Plaintiff Anthony, Plaintiff Daimier, Plaintiff Christene, and Plaintiff Legend (hereinafter "Plaintiff Children" or collectively with Plaintiff Danielle as "Plaintiffs").

8.     On information and belief, Defendant ENTERPRISE LEASING COMPANY-WEST, LLC d/b/a ENTERPRISE RENT-A-CAR (hereinafter "ENTERPRISE WEST"), is a Delaware Limited Liability Company, and, at all relevant times, was doing business in Clark County, Nevada as "ENTERPRISE RENT-A-CAR," a business entity operating at 3745 Boulder Highway, Las Vegas, Nevada 89121.

9.     On information and belief, Defendant ENTERPRISE HOLDINGS, INC. (hereinafter "ENTERPRISE HOLDINGS"), is a Missouri corporation, and, at all relevant times, was doing business in Clark County, Nevada.

10.     On information and belief, Defendant ENTERPRISE HOLDINGS runs the car rental operations, vehicle control, corporate security, corporate fleet management, and all other functions pertinent to this lawsuit for itself, and its subsidiaries, including Defendants ENTERPRISE WEST. Specifically, ENTERPRISE HOLDINGS's vehicle control and corporate security handle theft reporting for ENTERPRISE WEST.

11.     On information and belief, Defendant ENTERPRISE WEST is the company that is listed as actually owning the vehicles rented out and reported stolen by ENTERPRISE HOLDINGS, as set forth in further detail below.

12.     Defendant KINGS ROW TRAILER PARK, INC. (hereinafter "KINGS ROW") is a Nevada Corporation, and at all relevant times was doing business in Clark County, Nevada at the property located at 3745 Boulder Highway, Las Vegas, Nevada 89121.

13.     Plaintiffs are informed, believe and thereon allege that all of the acts, omissions and conduct described below of each and every Defendant was duly authorized, ordered, and directed by the respective and collective Defendant corporate employers, officers, and management-level employees of said corporate employers. In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents and representatives and each of them; and upon completion of the aforesaid acts and conduct of

1    said corporate employees, agents and representatives, the Defendant corporations, respectively

2    and collectively, ratified, accepted the benefits of, condoned, lauded, acquiesced, approved, and

3    consented to each and every of the said acts and conduct of the aforesaid corporate employees,

4    agents and representatives.

5         14.    The true names and capacities, whether individual, corporate, associate,

6    governmental or otherwise, of defendants designated herein as DOES 1 through 10; ROE

7    CORPORATIONS 11 through 20, and ABC LIMITED LIABILITY COMPANIES 21 through

8    30, ("DOES/ROE/ABC"), inclusive, are unknown to Plaintiffs at this time, who therefore sues

9    said Defendants by such fictitious names. When the true names and capacities of said Defendants

10   have been ascertained, Plaintiffs will amend this First Amended Complaint accordingly, and

11   reserve the right to do so at the appropriate time.

12        15.    Plaintiffs are informed, believe, and thereon allege that DOES/ROE/ABC

13   Defendants are responsible, negligently or in some other actionable manner, for the events and

14   happenings hereinafter referred to, and caused injuries and damages proximately thereby to

15   Plaintiffs as hereinafter alleged.

16        16.    Plaintiffs are informed, believe and thereon allege that DOES/ROE/ABC

17   Defendants were involved in the initiation, approval, support or execution of the wrongful acts

18   upon which this litigation is premised, or of similar actions against Plaintiffs of which Plaintiffs

19   are presently unaware or without adequate knowledge.

20   **SYSTEMIC ISSUES WITH ENTERPRISE'S THEFT REPORTING**

21        17.    On information and belief, Defendants ENTERPRISE WEST, ENTERPRISE

22   HOLDINGS, and KINGS ROW, and DOES/ROE/ABC (collectively as "DEFENDANTS" or

23   "ENTERPRISE") along with their affiliates, have been falsely reporting thousands of its own

24   customers for "stealing" its rental cars (hereinafter "False Theft Reports").

25        18.    On information and belief, the False Theft Reports are false, misleading, and

26   unverified, causing ENTERPRISE customers to be wrongfully arrested (sometimes at gunpoint),

27   throw into jail, and prosecuted as though they had truly committed grand theft auto. False Theft

28   Reports accuse a customer of stealing a vehicle, which has life altering consequences for the

CHRISTIAN MORRIS TRIAL ATTORNEYS
2250 Corporate Circle, Suite 390
Henderson, Nevada 89074
702-434.8282 / 702-434.1488 (fax)

customer and labels the customer as a felon. Despite this, ENTERPRISE routinely falsely reports its customers to the police for theft because of its systemic practices.

19.    On information and belief, ENTERPRISE's False Theft Reports are premature, allowing ENTERPRISE to baselessly report its customers to police, despite knowing that the police reports will lead to the false arrest of its own customer.

20.    On information and belief, ENTERPRISE performs deficient investigations before making its False Theft Reports to the police, leading to egregiously false and incomplete reports.

21.    On information and belief, ENTERPRISE False Theft Reports are sent to the police before the customer is billed. Once paid, ENTERPRISE does not correct nor update the theft report to inform police that the customer has fully paid.

22.    On information and belief, ENTERPRISE fails to verify the information in False Theft Reports filed with police and does not comply with its written policies for drafting and filing False Theft Reports leading to stolen vehicle reports for vehicles in its possession or rented to a customer.

23.    On information and belief, ENTERPRISE policies and procedures contain sensible and vital safeguards against false reports, but ENTERPRISE fails to follow these policies and/or instructs its employees not to follow the policies.

24.    On information and belief, ENTERPRISE failed to comply with all policies and procedures with respect to Plaintiff Danielle's rental, such as the vehicle's movement history, last known location, last known renter, and maintenance records.

25.    On information and belief, ENTERPRISE consistently ignores its own policies and procedures when reporting thefts, including with Plaintiff Danielle's rental.

26.    On information and belief, under the ENTERPRISE's policies and procedures, ENTERPRISE should make efforts to repossess the vehicle before reporting the vehicle stolen.

27.    On information and belief, ENTERPRISE fails to make its own repossession efforts before reporting a vehicle as stolen.

28.    On information and belief, ENTERPRISE files Theft Reports with the police in cases where it believes its cars are overdue (the "Overdue Cases") and in cases where its cars are

CHRISTIAN MORRIS TRIAL ATTORNEYS
2250 Corporate Circle, Suite 390
Henderson, Nevada 89074
702-434-8282 / 702-434-1488 (fax)

CHRISTIAN MORRIS TRIAL ATTORNEYS
2250 Corporate Circle, Suite 390
Henderson, Nevada 89074
702-434.8282 / 702-434.1488 (fax)

1    considered lost inventory (the "Lost Inventory Cases"). In both types of cases, ENTERPRISE (1)

2    files False Theft Reports with the police despite knowing such Reports will lead to the false arrest

3    of its customers; and (2) systematically ignores its policies and procedures, such as those requiring

4    a full and complete investigation as to the location of the vehicle, that would help prevent these

5    false arrests. In all cases, ENTERPRISE's goal is to protect its profits and cut its costs, even if it

6    knows their own customers will lose their liberty and freedom as a result.

7         29.    On information and belief, for the Overdue Cases, ENTERPRISE and its officers,

8    directors, or managing agents who are expressly authorized are dishonestly and maliciously

9    turning potential civil disputes with customers about payment—payment which ENTERPRISE

10   has usually already received—and due dates into criminal theft reports and prosecutions.

11        30.    On information and belief, ENTERPRISE misleads police about its customers'

12   payment histories.

13        31.    On information and belief, ENTERPRISE reports customers to the police as

14   having a "net due" on their rental and a denied payment card, which leads law enforcement to

15   believe a renter has absconded with the vehicle without paying.

16        32.    On information and belief, ENTERPRISE does not attempt to charge the renter

17   until after it files a Theft Report with the police.

18        33.    On information and belief, ENTERPRISE deceives the police by reporting its

19   customers have prior unreturned rentals and chooses to withhold documentation of critical

20   communications between ENTERPRISE and its customers, which would indicate the customer

21   extended the Rental Vehicle, rather than failed to return the Rental Vehicle.

22        34.    On information and belief, for the Lost Inventory Cases, ENTERPRISE reports

23   cars as stolen even though the cars are, in fact, sitting on ENTERPRISE lots and/or were validly

24   rented to customers.

25        35.    On information and belief, throughout Lost Inventory Cases, ENTERPRISE has

26   no idea if the cars were actually stolen, despite the fact that ENTERPRISE knows that the Rental

27   Vehicle's tracking and/or knows the tracking control is broken.

28   ///

36.     On information and belief, ENTERPRISE maintains multiple systemic problems that lead to the wrongful arrest of its customers, which include: (1) not recording agreed rental extensions; (2) deleting proper rental extensions without warning to the customers because an authorization hold is not accepted; (3) falsely claiming customers do not pay for the rental; (4) failing to follow safeguards against False Theft Reports; (5) supplying false information in the False Theft Reports; (6) failing to track its inventory and renting stolen vehicles; (7) failing to withdraw and/or correct a theft report when it knows the information is false; (8) destroying records relating to False Theft Reports; and (9) maintaining outdated computer systems.

37.     On information and belief, customers routinely seek to extend their rentals, which ENTERPRISE welcomes provides several ways for a renter to extend, including calling or visiting the local branch, calling the 1-800 number, and/or using its online application.

38.     On information and belief, ENTERPRISE provides verbal authorization for the rental extension and the customer continues with the rental.

39.     On information and belief, ENTERPRISE's Vehicle Control Unit, the unit tasked with filing theft reports with police, falsely reports customers who rightfully believe they have validly extended their rental agreements as thieves—often when even the local branch agrees the customer extended the rental.

40.     On information and belief, ENTERPRISE's Vehicle Control unit fails to follow its policy of conducting a local investigation or contacting the local branch to determine whether the vehicle has been stolen.

41.     On information and belief, ENTERPRISE's central computer systems deletes and/or fails to document customer rental extensions and backdate the rental due date resulting in false police reports claiming the customer never extended or contacted ENTERPRISE.

42.     On information and belief, ENTERPRISE typically does not charge customers until the end of the rental. At the beginning of a rental, ENTERPRISE places an authorization hold on the customer's credit or debit card to protect itself from non-payment.

43.     On information and belief, after a customer extends the rental, ENTERPRISE attempts to place an additional authorization hold on the customer's debit or credit card often

1  unbeknownst to the customer. The authorization is a mechanism to determine if the customer at

2  that point in time has sufficient funds or credit to cover the cost of the rental.

3      44.    On information and belief, the authorization does not contemplate whether a

4  customer will have sufficient funds at the end of their rental period and/or extended rental period

5  rather than at the time the additional authorization hold is placed.

6      45.    On information and belief, if, after agreeing to extend a customer's rental, the

7  authorization hold is not accepted, ENTERPRISE—without notice to the customer—

8  automatically deletes the extension date in its central computer system and back dates the due

9  date to the original date.

10      46.    On information and belief, ENTERPRISE knows its computer systems

11  automatically deletes extension requests and provides a false due date.

12      47.    On information and belief, the customer is not informed their rental extension has

13  been denied and rightfully believes he or she has a valid extension.

14      48.    On information and belief, the customer is not informed of the voided extension

15  and the deletion is _not_ apparent to certain ENTERPRISE employees who have records

16  independent of the central system that records the extension. ENTERPRISE nor ENTERPRISE's

17  Vehicle Control Unit consults these employees or their records prior to filing a theft report to the

18  police against the customer.

19      49.    On information and belief, despite the above knowledge and practices,

20  ENTERPRISE regularly denies the customer ever contacted ENTERPRISE to extend the rental

21  and further denies the customer extended the rental.

22      50.    On information and belief, ENTERPRISE has knowledge of this deficient practice

23  and fails to discontinue this practice.

24      51.    On information and belief, ENTERPRISE does not tell police about any incoming

25  or outgoing phone calls to or from the local ENTERPRISE rental location, so communications

26  between the customer and extension hotline, billing, roadside, or customer service are not

27  documented in theft reports.

28  ///

CHRISTIAN MORRIS TRIAL ATTORNEYS
2250 Corporate Circle, Suite 390
Henderson, Nevada 89074
702-434.8282 / 702-434.1488 (fax)

52. On information and belief, a simple investigation by ENTERPRISE that complied with its own policy would reveal customer extensions, attempts to extend rental contracts, customer contacts with ENTERPRISE to extend rental contracts, and payments for rental contracts, which would, in turn, reveal that the Theft Reports are materially and patently false.

53. On information and belief, the police pursue charges relying on ENTERPRISE's False Theft Reports, which claim that: (1) the customers did not pay, (2) the customers did not extend or contact ENTERPRISE, (3) that ENTERPRISE internally verified the accuracy of the report, and (4) that there is probable cause to conclude that the customers have criminal intent to steal a vehicle.

54. On information and belief, the police are unaware that the False Theft Reports are unverified, one-sided, do not fully capture the rental histories of the customers, fail to record extensions, erase extension, backdate due dates, contain false payment and other information, and that ENTERPRISE destroys internal data which could exonerate the customers and contradict the False Theft Reports.

55. On information and belief, ENTERPRISE only fully charges the customer and closes the rental after filing the False Theft Report.

56. On information and belief, ENTERPRISE repeatedly refuses to withdraw False Theft Reports, even when it has made an obvious error.

57. On information and belief, ENTERPRISE deletes almost all renter information and data, spoiling any proof that the customer paid, the customer extended the rental, the customer had no intent to steal the car, and/or ENTERPRISE's initial theft report was false.

58. On information and belief, ENTERPRISE believes that it is less expensive to file False Theft Reports against customers, even though they are false, than to track down vehicles, when ENTERPRISE has no probable cause to file any theft report connected to the allegations in this Complaint.

59. On information and belief, ENTERPRISE accuses its customers of theft for financial gain.

///

9

**CHRISTIAN MORRIS TRIAL ATTORNEYS**
2250 Corporate Circle, Suite 390
Henderson, Nevada 89074
702-434-8282 / 702-434-1488 (fax)

60.     On information and belief, ENTERPRISE benefits by reporting vehicles overdue or stolen, with little or no investigation or verification, in the following ways:

   a.  ENTERPRISE avoids spending money on personnel to verify that the theft reports are accurate and search for vehicles;

   b.  ENTERPRISE avoids spending money updating its rental systems;

   c.  The police immediately recover the vehicle at taxpayer expense, instead of ENTERPRISE hiring repossession services;

   d.  ENTERPRISE writes off the rental car and/or makes an insurance claim for the "stolen" property and/or loss of business use.

   e.  ENTERPRISE avoids liability if the vehicle is in an accident.

61.     On information and belief, there has been extensive notice to ENTERPRISE that it has a serious False Theft Report problem.

62.     On information and belief, ENTERPRISE ignores the problem because fixing it would decrease ENTERPRISE's profits.

63.     On information and belief, ENTERPRISE views False Theft Reports as a risk management exercise of dollars and cents, believing it is cheaper for ENTERPRISE to file police reports and send the police chasing for its vehicles than for ENTERPRISE to correct its systems and follow its policies to prevent false police reports.

64.     On information and belief, ENTERPRISE's systems are old and fail to keep track of inventory and rentals properly. Instead of investing in better tracking systems and spending the time and money to recover vehicles and investigate whether rentals are actually stolen, ENTERPRISE files False Theft Reports, so the police recover the vehicle at taxpayer expense. ENTERPRISE knows that the customers will almost certainly end up being arrested and prosecuted. The renters are the collateral damage in this scheme.

65.     On information and belief, ENTERPRISE has tried to co-opt law enforcement by turning it into its own private repossession service—placing both its own customers and law enforcement in harm's way.

///

10

66.    On information and belief, ENTERPRISE participates in a case once filing a Theft Report with the police and tells the police that if a Theft Report was filed, the customer should be arrested and prosecuted.

67.    On information and belief, ENTERPRISE knows that its False Theft Reports are inaccurate, and ENTERPRISE knows that it is likely condemning innocent customers to jail and felony prosecution.

68.    On information and belief, ENTERPRISE has a practice and policy of claiming it cannot correct nor withdraw police reports because it does not have a "mechanism" to do so.

69.    On information and belief, ENTERPRISE is fully aware that it is able to notify police and prosecutors that a police report is erroneous or that it does not desire that a prosecution continue.

### SUMMARY OF FACTS REGARDING THE SUBJECT VEHICLE RENTAL

70.    On or around October 3, 2016, Plaintiff Danielle rented a Kia Sedano (hereinafter the "Rental Vehicle") from ENTERPRISE at the rental location on 3745 Boulder Highway, Las Vegas, Nevada in Clark County. The rental reservation number was 1226760702 and the rental agreement number was 449933.

71.    Plaintiff Danielle sought the Rental Vehicle from Defendants for the purposes of relocating from Las Vegas, Nevada to Pittsburgh, Pennsylvania.

72.    Plaintiff Danielle's initial rental reservation date range for the Rental Vehicle was from October 3, 2016, to October 10, 2016, and the final date range for the Rental Vehicle listed on the rental agreement was from October 3, 2016, to October 7, 2016.

73.    Plaintiff Danielle used her debit card to secure the Rental Vehicle.

74.    On or around October 9, 2016, Plaintiff Danielle arrived in Pittsburgh, Pennsylvania.

75.    On or around October 9, 2016, Plaintiff Danielle extended her lease agreement to November 1, 2016, by calling the ENTERPRISE rental office and confirming with an employee "Doug" that she was extending the rental period.

///

CHRISTIAN MORRIS TRIAL ATTORNEYS
2250 Corporate Circle, Suite 390
Henderson, Nevada 89074
702-434-8282 / 702-434-1488 (fax)

76.    On or around October 31, 2016, or November 1, 2016, Plaintiff Danielle contacted ENTERPRISE to inquire as to where she should drop off the Rental Vehicle.

77.    On or around October 31, 2016, or November 1, 2016, ENTERPRISE informed Plaintiff Danielle she would need to drop off the Rental Vehicle at 630 Ardmore Boulevard, Wilkinsburg, Pennsylvania, 15221.

78.    On or around October 31, 2016, Plaintiff Danielle returned the Rental Vehicle by parking it at 630 Ardmore Boulevard, Wilkinsburg, Pennsylvania, 15221 with the keys under the front seat. Plaintiff Danielle was instructed to do so by the employee, "Doug," at the ENTERPRISE rental office.

79.    On November 2 and 9, 2016, Plaintiff Danielle received email from ENTERPRISE asking her to leave an online review regarding her rental with ENTERPRISE.

80.    On or around February 23, 2017, Plaintiff Danielle received an email from Defendants confirming the Rental Vehicle was returned to ENTERPRISE and asking about damage to the Rental Vehicle.

81.    On or around February 23, 2017, Defendants contacted Plaintiff Danielle to inform her there was damage to the Rental Vehicle and that Plaintiff Danielle's insurance would cover the expenses.

82.    At some point on or before November 1, 2016, ENTERPRISE submitted a False Theft Report and/or made a claim to police that Plaintiff Danielle had stolen and/or failed to return the Rental Vehicle.

83.    On December 9, 2016, the State of Nevada issued a criminal complaint against Plaintiff Danielle for the crime of embezzlement – a Category B Felony – based on ENTERPRISE'S False Theft Report related to the Rental Vehicle. Notably, the criminal complaint incorrectly alleges the rental agreement 449933 was dated August 3, 2016, and that, under the rental agreement, the Rental Vehicle was to be returned to ENTERPRISE on August 5, 2016 – more than 2 months before Plaintiff Danielle actually entered into the rental agreement 449933.

///

84.     On or around August 4, 2023, Plaintiff Danielle was driving with Plaintiff Daimier and Plaintiff Legend as passengers in Wikins Township, Pennsylvania. At that time, Plaintiff Danielle was pulled over by the police for an unrelated driving infraction. When the police ran her name through the national database, the police found Plaintiff Danielle had a category B felony warrant out for her arrest in Las Vegas, Nevada for a stolen car, later revealed to be related to the Rental Vehicle.

85.     Shortly after the police were made aware of Plaintiff Danielle's warrant, Plaintiff Danielle was immediately arrested in front of her children, Plaintiff Daimier and Plaintiff Legend.

86.     Plaintiff Daimier and Plaintiff Legend were both extremely frightened as they observed their mother, Plaintiff Danielle, being arrested.

87.     After Plaintiff Danielle was arrested, Plaintiff Danielle was confused, scared, and afraid, as Plaintiff Danielle was not aware of the reason why she was being arrested and was very aware of the instances in which many black and African Americans, like herself, have had dangerous encounters with the police. This was a very traumatic experience for Plaintiff Danielle.

88.     After Plaintiff Danielle was arrested, Plaintiff Danielle began sobbing in the backseat of the police vehicle.

89.     Plaintiff Danielle had to leave her children, Plaintiff Daimier and Plaintiff Legend, at the scene of her arrest in the hands of her sister.

90.     Plaintiff Daimier and Plaintiff Legend witnessed their mother sobbing as she was being handcuffed and arrested.

91.     The police vehicle drove Plaintiff Danielle to the Allegheny County Jail, where she was fingerprinted and photographed.

92.     Since Plaintiff Danielle is an employee of the Allegheny County Family Division, she was extremely embarrassed and humiliated. Plaintiff Danielle was also terrified, as she was being arrested for a crime she did not commit.

93.     Over the next six (6) days, Plaintiff Danielle remained in jail for a crime she did not commit.

///

CHRISTIAN MORRIS TRIAL ATTORNEYS
2250 Corporate Circle, Suite 390
Henderson, Nevada 89074
702-434.8282 / 702-434.1488 (fax)

94.    During Plaintiff Danielle's wrongful incarceration, Plaintiff Danielle was concerned for her children's wellbeing.

95.    When Plaintiff Anthony Hammond was told of his mother, Plaintiff Danielle, being arrested, he was shocked and felt extreme guilt and sorrow, knowing his mother is a good person and wishing she would not experience such trauma, distress, and fear.

96.    As a result of the arrest, Plaintiff Anthony felt he had to step up and take care of his younger siblings while Plaintiff Danielle was in jail for a crime she did not commit.

97.    As a result of the arrest, Plaintiff Christene Early felt heartbroken that her mother, Plaintiff Danielle, was absent from her life.

98.    Plaintiff Children all experienced internalizing and externalizing emotional and mental damages, as this event created a severe disruption in their parent-child relationship and altered their familial support networks and continues to have a lasting emotional effect.

99.    Plaintiff Danielle's false arrest placed additional burdens on the various support systems that cared for Plaintiff Children during the six (6) days Plaintiff Danielle was released from prison.

100.    Plaintiff Children all experienced stress and emotional distress as a result of Plaintiff Danielle's false arrest, which has created an impact on Plaintiff Children's lives.

101.    Plaintiff Danielle and Plaintiff Children all experienced emotional turmoil, psychological distress, fear, confusion, shock, and anger at the arrest, the false police report, and Defendants, feeling utterly failed by the criminal justice system.

102.    At a related extradition hearing, Plaintiff Danielle was informed the charges against her were being withdrawn and was released from jail.

103.    To date, Plaintiff Danielle has not received any communication from Defendants to apologize or explain this egregious event or otherwise related to the False Theft Report.

104.    Plaintiff Danielle's false arrest carried devastating consequences for Plaintiff Danielle, Plaintiff Daimier Brissett, Plaintiff Legend Brissett, Plaintiff Anthony Hammond Jr., and Plaintiff Christene Early. Plaintiffs now carry a constant fear of police and emotional turmoil, as these innocent Plaintiffs were caught in an unjust situation.

**CHRISTIAN MORRIS TRIAL ATTORNEYS**
2250 Corporate Circle, Suite 390
Henderson, Nevada 89074
702-434.8282 / 702-434.1488 (fax)

105.    Plaintiff Danielle remains traumatized from her false arrest and has struggled navigating the criminal justice system to rid herself completely of the false charges.

106.    Plaintiff Children remain traumatized from their mother's false arrest and remain distressed about the workings of the criminal justice system.

107.    Prior to Plaintiff Danielle's unlawful arrest, Plaintiff Danielle followed and complied with all directives regarding the Rental Vehicle.

108.    On information and belief, a full investigation as to whether the Rental Vehicle was actually stolen was never completed prior to Defendants sending the False Theft Report to police.

109.    Defendant knew or should have known, pursuant to its policies and procedures, that a local security manager at the Las Vegas, Nevada rental office location should have completed an investigation into whether the Rental Vehicle was actually stolen.

110.    Had Defendants completed an investigation as to whether the Rental Vehicle was actually stolen, Defendants would have learned that:

      a.    Plaintiff Danielle had many prior successful rentals with ENTERPRISE;

      b.    Plaintiff Danielle's phone number and address were valid and Defendants could have contacted Plaintiff;

      c.    A rental extension existed.

111.    Had Defendants completed an investigation as to whether the Rental Vehicle was actually stolen, a False Theft Report would have never been sent to police.

112.    Had Defendants completed an investigation as to whether the Rental Vehicle was actually stolen, Plaintiff Danielle would have never been arrested.

113.    Had Defendants completed an investigation as to whether the Rental Vehicle was actually stolen, Plaintiff Children would have never experienced the trauma of their mother being arrested or being deprived of her care, comfort, society, support, and affection.

114.    As a result of Plaintiff Danielle's unlawful arrest, Plaintiff Danielle's reputation has been damaged.

///

115.    Plaintiff Danielle was a county employee and was subsequently arrested and incarcerated in the County jail, this has embarrassed her and ruined her reputation.

116.    Under *Respondeat Superior* doctrine, Defendants are liable for the negligent acts or omissions of its employees/agents alleged herein, which were performed within the course and scope of employment for and on behalf of Defendants.

117.    Defendants' conduct, as set forth above and with respect to all causes of action below, was done with conscious disregard of Plaintiff Danielle and Plaintiff Children's rights and safety with knowledge of the probable harmful consequences and the willful and deliberate failure to act to avoid those consequences warranting an award of punitive damages. This conduct was done by an officer, director, or managing agent of the Defendants who was expressly authorized to direct or ratify its employee's conduct on behalf of the Defendant.

118.    Defendants' conduct, as set forth above and with respect to all causes of action below, occurred with implied malice toward Plaintiff Danielle and Plaintiff Children's rights and safety and/or constituting such despicable conduct as a conscious disregard of Plaintiffs' rights or safety warranting an award of punitive damages. This conduct was done by an officer, director, or managing agent of the Defendants who was expressly authorized to direct or ratify its employee's conduct on behalf of the Defendant.

119.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff Danielle and Plaintiff Children experienced and still experience extreme pain and suffering, all in a sum in excess of $15,000.00.

120.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff Danielle and Plaintiffs Danielle S. Brissett's Children experienced and still experience extreme mental anguish, all in a sum in excess of $15,000.00.

121.    As a direct and proximate result of the actions or omissions of Defendants, Plaintiffs had to retain the services of CHRISTIAN MORRIS TRIAL ATTORNEYS to pursue this action and are entitled to recover costs of suit and reasonable attorney's fees incurred herein.

///

///

CHRISTIAN MORRIS TRIAL ATTORNEYS
2250 Corporate Circle, Suite 390
Henderson, Nevada 89074
702-434.8282 / 702-434.1488 (fax)

**CHRISTIAN MORRIS TRIAL ATTORNEYS**
2250 Corporate Circle, Suite 390
Henderson, Nevada 89074
702-434-8282 / 702-434-1488 (fax)

## **FIRST CAUSE OF ACTION**

### **(Malicious Prosecution Against All Defendants)**

122.    Plaintiffs repeat and reallege each and every allegation contained above as though fully set forth herein.

123.    Defendants falsely initiated a criminal proceeding against Plaintiff Danielle.

124.    Defendants actively participated in initiating a criminal proceeding against Plaintiff Danielle, including filing a False Theft Report against Plaintiff Danielle against Plaintiff Danielle with the police without a proper investigation as to whether Plaintiff Danielle actually committed theft.

125.    Defendants lacked probable cause to commence a criminal proceeding against Plaintiff Danielle, as Plaintiff Danielle did not steal the Rental Vehicle, which Defendant knew or reasonably could have known.

126.    The criminal proceedings against Plaintiff Danielle lacked probable cause from inception because Defendants, inter alia: (1) falsely told the authorities the renter had not returned the rental car, (2) conveyed a false history of the renters' extension history with Defendants to the authorities, (3) failed to tell police that Defendants' systems erase rental extensions without notice to customers or Defendants' employees, (4) failed to convey to the police exculpatory information, (5) never properly investigated or verified the allege theft, (6) destroyed all rental information regarding the renters thereby preventing the authorities and the accused from obtaining exculpatory information; (7) knew or should have known in light of their records concerning, inter alia, payments and/or rental extensions, that the Plaintiff Danielle had permission to use the rentals and otherwise had no criminal intent to steal the rental vehicle; (8) provided materially false information to the police; (9) failed to realize that the vehicle had been rented out and then reporting the vehicle stolen despite having no idea if it was stolen, and/or (10) rented vehicles that were previously reported stolen to unwitting customers.

127.    Defendants knew or should have known an investigation was required to determine whether Plaintiff Danielle actually committed theft.

///

17

CHRISTIAN MORRIS TRIAL ATTORNEYS
2250 Corporate Circle, Suite 390
Henderson, Nevada 89074
702-434.8282 / 702-434.1488 (fax)

128.    Defendants knew or should have known an investigation would have revealed Plaintiff Danielle returned the Rental Vehicle on or around October 31, 2016.

129.    ENTERPRISE failed to follow and deliberately disregarded its own basic standard operating procedures and protocols designed to prevent false police reports, including ENTERPRISE national policy pertaining to investigating and verifying theft reports.

130.    ENTERPRISE failed to properly reconcile vehicles and license plates it had reported stolen, before renting vehicles to customers.

131.    ENTERPRISE's policy is intentionally drafted and implemented to cause prosecutions by providing false information to police.

132.    Defendants failed to perform a proper investigation as to whether Plaintiff Danielle committed theft of the Rental Vehicle.

133.    The police commenced the criminal prosecution of Plaintiff Danielle because of direction, request, and pressure from Defendants' Theft Report and general request to arrest Plaintiff Danielle and commence criminal proceedings against Plaintiff Danielle for theft of the Rental Vehicle.

134.    Defendants acted with malice, by filing a False Theft Report to the police, so Plaintiff Danielle could be arrested.

135.    Defendants could have performed an investigation to determine whether the Rental Vehicle was stolen, but instead, without justification or excuse, committed an unlawful act of falsely reporting Plaintiff Danielle's alleged "theft" to the police.

136.    Defendants are not using the criminal justice system for the legitimate purpose of bringing alleged criminals to justice, but, instead, as a free taxpayer funded repossession service to cut costs.

137.    Under *Respondeat Superior* doctrine, Defendants are liable for the negligent acts or omissions of its employees/agents alleged herein, which were performed within the course and scope of employment for and on behalf of Defendants.

138.    Defendants' conduct, as set forth above and with respect to all causes of action below, was done with conscious disregard of Plaintiff Danielle's rights and safety with knowledge

CHRISTIAN MORRIS TRIAL ATTORNEYS
2250 Corporate Circle, Suite 390
Henderson, Nevada 89074
702-434.8282 / 702-434.1488 (fax)

1  of the probable harmful consequences and the willful and deliberate failure to act to avoid those

2  consequences warranting an award of punitive damages, including but not limited to, misusing

3  the criminal justice system for profit and at the expense of lawful customers like Plaintiff Danielle.

4  This conduct was done by an officer, director, or managing agent of the Defendants who was

5  expressly authorized to direct or ratify its employee's conduct on behalf of the Defendant.

6      139.    Defendants' conduct, as set forth above and with respect to all causes of action

7  below, occurred with implied malice toward Plaintiff Danielle's rights and safety and/or

8  constituting such despicable conduct as a conscious disregard of Plaintiffs' rights or safety

9  warranting an award of punitive damages, including but not limited to, misusing the criminal

10 justice system for profit and at the expense of lawful customers like Plaintiff Danielle. This

11 conduct was done by an officer, director, or managing agent of the Defendants who was expressly

12 authorized to direct or ratify its employee's conduct on behalf of the Defendant.

13     140.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff

14 Danielle experienced and still experiences extreme pain and suffering, all in a sum in excess of

15 $15,000.00.

16     141.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff

17 Danielle experience and still experiences extreme mental anguish, all in a sum in excess of

18 $15,000.00.

19     142.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff

20 Danielle experienced and still experiences humiliation and embarrassment, all in a sum in excess

21 of $15,000.00.

22     143.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff

23 Danielle experienced inconvenient proximately caused by the Defendants' actions, all in a sum

24 in excess of $15,000.00.

25     144.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff

26 Danielle experienced injury to her reputation, all in a sum in excess of $15,000.00.

27     145.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff

28 Danielle suffered and will continue to suffer monetary damage, lost wages, and loss of earning

capacity all in a sum in excess of $15,000.00.

146. As a direct and proximate result of the actions or omissions of Defendants, Plaintiffs had to retain the services of CHRISTIAN MORRIS TRIAL ATTORNEYS to pursue this action and are entitled to recover costs of suit and reasonable attorney's fees incurred herein.

## SECOND CAUSE OF ACTION

### (Abuse of Process Against All Defendants)

147. Plaintiffs repeat and reallege each and every allegation contained above as though fully set forth herein.

148. Plaintiff Danielle has been subjected to criminal proceedings brought by Defendants.

149. Defendants filed false police reports and/or failed to correct information in the police report resulting in the detention, arrest, imprisonment, and/or prosecution of the Plaintiff Danielle.

150. Defendants at all times maintained ulterior motives to use the criminal justice system, including the police and courts, for the improper purpose of serving as a taxpayer funded repossession service.

151. In filing False Theft Reports, Defendants did not seek to bring a criminal to justice.

152. Defendants received the following benefits by filing police reports against, bringing charges against, and/or prosecuting the Plaintiff Danielle:

    a. The police immediately recovered the vehicles at issue at taxpayer expense, instead of Defendants hiring repossession services;

    b. Defendants avoided spending money on personnel to verify if Theft Reports were accurate;

    c. Defendants avoided spending money on personnel to verify if rental vehicles had been returned;

    d. Defendants wrote off rental cars and/or made insurance claims for the "stolen" property and/or loss of business use, pursuant to its policies and procedures.

153. Defendants willfully mis-used criminal proceedings to achieve its ulterior motives.

CHRISTIAN MORRIS TRIAL ATTORNEYS
2250 Corporate Circle, Suite 390
Henderson, Nevada 89074
702-434.8282 / 702-434.1488 (fax)

CHRISTIAN MORRIS TRIAL ATTORNEYS
2250 Corporate Circle, Suite 390
Henderson, Nevada 89074
702-434.8282 / 702-434.1488 (fax)

154.    Under *Respondeat Superior* doctrine, Defendants are liable for the negligent acts or omissions of its employees/agents alleged herein, which were performed within the course and scope of employment for and on behalf of Defendants.

155.    Defendants' conduct, as set forth above and with respect to all causes of action below, was done with conscious disregard of Plaintiff Danielle's rights and safety with knowledge of the probable harmful consequences and the willful and deliberate failure to act to avoid those consequences warranting an award of punitive damages. This conduct was done by an officer, director, or managing agent of the Defendants who was expressly authorized to direct or ratify its employee's conduct on behalf of the Defendant.

156.    Defendants' conduct, as set forth above and with respect to all causes of action below, occurred with implied malice toward Plaintiff Danielle's rights and safety and/or constituting such despicable conduct as a conscious disregard of Plaintiffs' rights or safety warranting an award of punitive damages. This conduct was done by an officer, director, or managing agent of the Defendants who was expressly authorized to direct or ratify its employee's conduct on behalf of the Defendant.

157.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff Danielle experienced and still experiences extreme pain and suffering, all in a sum in excess of $15,000.00.

158.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff Danielle experienced and still experiences extreme mental anguish, all in a sum in excess of $15,000.00.

159.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff Danielle experienced and still experiences humiliation and embarrassment, all in a sum in excess of $15,000.00.

160.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff Danielle experienced inconvenient proximately caused by the Defendants' actions, all in a sum in excess of $15,000.00.

///

161.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff Danielle experienced injury to her reputation, all in a sum in excess of $15,000.00.

162.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff Danielle suffered and will continue to suffer monetary damage, lost wages, and loss of earning capacity all in a sum in excess of $15,000.00.

163.    As a direct and proximate result of the actions or omissions of Defendants, Plaintiffs had to retain the services of CHRISTIAN MORRIS TRIAL ATTORNEYS to pursue this action and are entitled to recover costs of suit and reasonable attorney's fees incurred herein.

### THIRD CAUSE OF ACTION

### (False Imprisonment Against All Defendants)

164.    Plaintiffs repeat and reallege each and every allegation contained above as though fully set forth herein.

165.    Defendants knew or should have known Plaintiff Danielle did not steal the Rental Vehicle.

166.    Defendants proceeded Defendants' actions have caused the police to unlawfully arrest Plaintiff Danielle.

167.    Defendants deliberately and intentionally instigated or effected Plaintiff Danielle's unlawful arrest by providing false information to the police with full knowledge of the consequences.

168.    Plaintiff Danielle experienced a restraint of freedom against the Plaintiff Danielle will as a result of Defendants action and inaction, including through the intentional misuse of the criminal justice system for the purpose of allowing Plaintiff Danielle to be wrongfully arrested.

169.    Plaintiff Danielle experienced confinement as a result of Defendants actions and inactions.

170.    Defendants' actions or omissions violated Plaintiff Danielle's personal liberties and resulting in her confinement or detention without sufficient legal authority.

///

///

CHRISTIAN MORRIS TRIAL ATTORNEYS
2250 Corporate Circle, Suite 390
Henderson, Nevada 89074
702-434.8282 / 702-434.1488 (fax)

CHRISTIAN MORRIS TRIAL ATTORNEYS
2250 Corporate Circle, Suite 390
Henderson, Nevada 89074
702-434.8282 / 702-434.1488 (fax)

171.    Under *Respondeat Superior* doctrine, Defendants are liable for the negligent acts or omissions of its employees/agents alleged herein, which were performed within the course and scope of employment for and on behalf of Defendants.

172.    Defendants' conduct, as set forth above and with respect to all causes of action below, was done with conscious disregard of Plaintiff Danielle's rights and safety with knowledge of the probable harmful consequences and the willful and deliberate failure to act to avoid those consequences warranting an award of punitive damages. This conduct was done by an officer, director, or managing agent of the Defendants who was expressly authorized to direct or ratify its employee's conduct on behalf of the Defendant.

173.    Defendants' conduct, as set forth above and with respect to all causes of action below, occurred with implied malice toward Plaintiff Danielle's rights and safety and/or constituting such despicable conduct as a conscious disregard of Plaintiffs' rights or safety warranting an award of punitive damages. This conduct was done by an officer, director, or managing agent of the Defendants who was expressly authorized to direct or ratify its employee's conduct on behalf of the Defendant.

174.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff Danielle experienced and still experiences extreme pain and suffering, all in a sum in excess of $15,000.00.

175.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff Danielle experienced and still experiences extreme mental anguish, all in a sum in excess of $15,000.00.

176.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff Danielle experienced and still experiences humiliation and embarrassment, all in a sum in excess of $15,000.00.

177.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff Danielle experienced inconvenient proximately caused by the Defendants' actions, all in a sum in excess of $15,000.00.

///

178.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff Danielle experienced injury to her reputation, all in a sum in excess of $15,000.00.

179.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff Danielle suffered and will continue to suffer monetary damage, lost wages, and loss of earning capacity all in a sum in excess of $15,000.00.

180.    As a direct and proximate result of the actions or omissions of Defendants, Plaintiffs had to retain the services of CHRISTIAN MORRIS TRIAL ATTORNEYS to pursue this action and are entitled to recover costs of suit and reasonable attorney's fees incurred herein.

## FOURTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress Against All Defendants)

181.    Plaintiffs repeat and reallege each and every allegation contained above as though fully set forth herein.

182.    Defendants engaged in extreme and outrageous conduct by filing false police reports against their customers and/or renting customers vehicles it reported stolen that lead to the detention, arrest, imprisonment, and/or prosecution of the Plaintiff Danielle.

183.    Defendants' conduct was intentional and/or reckless and for a purpose other than bringing Plaintiff Danielle to justice.

184.    Defendants knew or should have known the Plaintiff Danielle was not guilty of any crime, yet Defendants initiated and often continued criminal proceedings against them.

185.    Defendants' conduct caused Plaintiff Danielle and Plaintiff Children to suffer extreme emotional distress.

186.    Under *Respondeat Superior* doctrine, Defendants are liable for the negligent acts or omissions of its employees/agents alleged herein, which were performed within the course and scope of employment for and on behalf of Defendants.

187.    Defendants' conduct, as set forth above and with respect to all causes of action below, was done with conscious disregard of Plaintiff Danielle and Plaintiff Children's rights and safety with knowledge of the probable harmful consequences and the willful and deliberate failure to act to avoid those consequences warranting an award of punitive damages. This conduct was

24

CHRISTIAN MORRIS TRIAL ATTORNEYS
2250 Corporate Circle, Suite 390
Henderson, Nevada 89074
702-434-8282 / 702-434.1488 (fax)

done by an officer, director, or managing agent of the Defendants who was expressly authorized to direct or ratify its employee's conduct on behalf of the Defendant.

188.    Defendants' conduct, as set forth above and with respect to all causes of action below, occurred with implied malice toward Plaintiff Danielle and Plaintiff Children's rights and safety and/or constituting such despicable conduct as a conscious disregard of Plaintiffs' rights or safety warranting an award of punitive damages. This conduct was done by an officer, director, or managing agent of the Defendants who was expressly authorized to direct or ratify its employee's conduct on behalf of the Defendant.

189.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff Danielle and Plaintiff Children experienced and still experience extreme pain and suffering, all in a sum in excess of $15,000.00.

190.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff Danielle and Plaintiff Children experienced and still experience extreme mental anguish, all in a sum in excess of $15,000.00.

191.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff Danielle experienced and still experience humiliation and embarrassment, all in a sum in excess of $15,000.00.

192.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff Danielle experienced inconvenient proximately caused by the Defendants' actions, all in a sum in excess of $15,000.00.

193.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff Danielle experienced injury to her reputation, all in a sum in excess of $15,000.00.

194.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff Danielle suffered and will continue to suffer monetary damage, lost wages, and loss of earning capacity all in a sum in excess of $15,000.00.

195.    As a direct and proximate result of the actions or omissions of Defendants, Plaintiffs had to retain the services of CHRISTIAN MORRIS TRIAL ATTORNEYS to pursue this action and are entitled to recover costs of suit and reasonable attorney's fees incurred herein.

CHRISTIAN MORRIS TRIAL ATTORNEYS
2250 Corporate Circle, Suite 390
Henderson, Nevada 89074
702-434.8282 / 702-434.1488 (fax)

### FIFTH CAUSE OF ACTION

### (Negligence Against All Defendants)

196.    Plaintiffs repeat and reallege each and every allegation contained above as though fully set forth herein.

197.    Plaintiff Danielle was a customer of Defendants.

198.    Plaintiff Danielle purchased the Rental Vehicle from the period of October 3, 2016, to October 7, 2016, under the rental agreement: 449933.

199.    Defendants owed a duty of care to Plaintiff Danielle to use due care and ensure that once Plaintiff Danielle returned the Rental Vehicle to one of Defendants' many drop off locations, Defendants would investigate whether the rental vehicle was returned, rather than file a false and premature Theft Report against Plaintiff Danielle to the police.

200.    Defendants breached that duty by failing to use due care in investigating whether Plaintiff Danielle returned the Rental Vehicle to one of Defendants' many drop off locations.

201.    Defendants breached that duty by failing to use due care in contacting Plaintiff Danielle to determine whether Plaintiff Danielle returned the Rental Vehicle to one of Defendants' many drop off locations.

202.    Breach of the duty of care by Defendants, and each of them, were the actual and proximate cause of Plaintiff Danielle and Plaintiff Children's injuries.

203.    Defendants' conduct occurred with implied malice toward Plaintiff Danielle's rights and liberty and/or constituted such despicable conduct as a conscious disregard of Plaintiff Danielle's rights or liberty warranting an award of punitive damages.

204.    Under *Respondeat Superior* doctrine, Defendants are liable for the negligent acts or omissions of its employees/agents alleged herein, which were performed within the course and scope of employment for and on behalf of Defendants.

205.    Defendants' conduct, as set forth above and with respect to all causes of action below, was done with conscious disregard of Plaintiff Danielle and Plaintiff Children's rights and safety with knowledge of the probable harmful consequences and the willful and deliberate failure to act to avoid those consequences warranting an award of punitive damages. This conduct was

1    done by an officer, director, or managing agent of the Defendants who was expressly authorized

2    to direct or ratify its employee's conduct on behalf of the Defendant.

3        206.    Defendants' conduct, as set forth above and with respect to all causes of action

4    below, occurred with implied malice toward Plaintiff Danielle and Plaintiff Children's rights and

5    safety and/or constituting such despicable conduct as a conscious disregard of Plaintiffs' rights

6    or safety warranting an award of punitive damages. This conduct was done by an officer, director,

7    or managing agent of the Defendants who was expressly authorized to direct or ratify its

8    employee's conduct on behalf of the Defendant.

9        207.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff

10   Danielle and Plaintiff Children experienced and still experience extreme pain and suffering, all in

11   a sum in excess of $15,000.00.

12       208.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff

13   Danielle and Plaintiff Children experienced and still experience extreme mental anguish, all in a

14   sum in excess of $15,000.00.

15       209.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff

16   Danielle experienced and still experience humiliation and embarrassment, all in a sum in excess

17   of $15,000.00.

18       210.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff

19   Danielle experienced inconvenient proximately caused by the Defendants' actions, all in a sum

20   in excess of $15,000.00.

21       211.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff

22   Danielle experienced injury to her reputation, all in a sum in excess of $15,000.00.

23       212.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff

24   Danielle suffered and will continue to suffer monetary damage, lost wages, and loss of earning

25   capacity all in a sum in excess of $15,000.00.

26       213.    As a direct and proximate result of the actions or omissions of Defendants,

27   Plaintiffs had to retain the services of CHRISTIAN MORRIS TRIAL ATTORNEYS to pursue

28   this action and are entitled to recover costs of suit and reasonable attorney's fees incurred herein.

**CHRISTIAN MORRIS TRIAL ATTORNEYS**
2250 Corporate Circle, Suite 390
Henderson, Nevada 89074
702-434.8282 / 702-434.1488 (fax)

CHRISTIAN MORRIS TRIAL ATTORNEYS
2250 Corporate Circle, Suite 390
Henderson, Nevada 89074
702-434.8282 / 702-434.1488 (fax)

### SIXTH CAUSE OF ACTION

**(Negligent Infliction of Emotional Distress Against All Defendants)**

214.    Plaintiffs repeat and reallege each and every allegation contained above as though fully set forth herein.

215.    Plaintiff Danielle was a customer of Defendants.

216.    Plaintiff Danielle purchased the Rental Vehicle from the period of October 3, 2016, to October 7, 2016, under the rental agreement: 449933.

217.    Defendants owed a duty of care to Plaintiff Danielle to use due care and ensure that once Plaintiff Danielle returned the Rental Vehicle to one of Defendants' many drop off locations, Defendants would investigate whether the rental vehicle was returned, rather than file a false and premature Theft Report against Plaintiff Danielle to the police.

218.    Defendants breached that duty by failing to use due care in investigating whether Plaintiff Danielle returned the Rental Vehicle to one of Defendants' many drop off locations.

219.    Defendants breached that duty by failing to use due care in contacting Plaintiff Danielle to determine whether Plaintiff Danielle returned the Rental Vehicle to one of Defendants' many drop off locations.

220.    Breach of the duty of care by Defendants, and each of them, were the legal cause of Plaintiff Danielle's and Plaintiff Children's injuries.

221.    Breach of the duty of care by Defendants, and each of them, caused Plaintiff Danielle and Plaintiff Children extreme and serious emotional distress.

222.    Under *Respondeat Superior* doctrine, Defendants are liable for the negligent acts or omissions of its employees/agents alleged herein, which were performed within the course and scope of employment for and on behalf of Defendants.

223.    Defendants' conduct, as set forth above and with respect to all causes of action below, was done with conscious disregard of Plaintiff Danielle and Plaintiff Children's rights and safety with knowledge of the probable harmful consequences and the willful and deliberate failure to act to avoid those consequences warranting an award of punitive damages. This conduct was done by an officer, director, or managing agent of the Defendants who was expressly authorized

28

CHRISTIAN MORRIS TRIAL ATTORNEYS
2250 Corporate Circle, Suite 390
Henderson, Nevada 89074
702-434.8282 / 702-434.1488 (fax)

1    to direct or ratify its employee's conduct on behalf of the Defendant.

2    224.    Defendants' conduct, as set forth above and with respect to all causes of action

3    below, occurred with implied malice toward Plaintiff Danielle and Plaintiff Children's rights and

4    safety and/or constituting such despicable conduct as a conscious disregard of Plaintiffs' rights

5    or safety warranting an award of punitive damages. This conduct was done by an officer, director,

6    or managing agent of the Defendants who was expressly authorized to direct or ratify its

7    employee's conduct on behalf of the Defendant.

8    225.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff

9    Danielle and Plaintiff Children experienced and still experience extreme pain and suffering, all in

10    a sum in excess of $15,000.00.

11    226.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff

12    Danielle and Plaintiff Children experienced and still experience extreme mental anguish, all in a

13    sum in excess of $15,000.00.

14    227.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff

15    Danielle experienced and still experience humiliation and embarrassment, all in a sum in excess

16    of $15,000.00.

17    228.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff

18    Danielle experienced inconvenient proximately caused by the Defendants' actions, all in a sum

19    in excess of $15,000.00.

20    229.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff

21    Danielle experienced injury to her reputation, all in a sum in excess of $15,000.00.

22    230.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff

23    Danielle suffered and will continue to suffer monetary damage, lost wages, and loss of earning

24    capacity all in a sum in excess of $15,000.00.

25    231.    As a direct and proximate result of the actions or omissions of Defendants,

26    Plaintiffs had to retain the services of CHRISTIAN MORRIS TRIAL ATTORNEYS to pursue

27    this action and are entitled to recover costs of suit and reasonable attorney's fees incurred herein.

28    ///

CHRISTIAN MORRIS TRIAL ATTORNEYS
2250 Corporate Circle, Suite 390
Henderson, Nevada 89074
702-434.8282 / 702-434.1488 (fax)

1

**SEVENTH CAUSE OF ACTION**

2

**(Negligent Supervision, Management, and Training Against All Defendants)**

3       232.    Plaintiffs repeat and reallege each and every allegation contained above as though

4    fully set forth herein.

5       233.    Plaintiff Danielle was a customer of Defendants.

6       234.    Plaintiff Danielle purchased the Rental Vehicle from the period of October 3,

7    2016, to October 7, 2016, under the rental agreement: 449933.

8       235.    Defendants owed a duty of care to Plaintiff Danielle to use due care and ensure

9    that once Plaintiff Danielle returned the Rental Vehicle to one of Defendants' many drop off

10   locations, Defendants would investigate whether the rental vehicle was returned, rather than file

11   a false and premature Theft Report against Plaintiff Danielle to the police.

12      236.    As business entities, Defendants can only act through its agents and /or employees.

13      237.    Defendants owed a duty to Plaintiff Danielle to exercise due care in the selection,

14   training, oversight, direction, retention, and control of its employees, agents, and/or contractors.

15      238.    Defendants had a duty to properly train its employees and/or agents to investigate

16   whether a customer has stolen a rental vehicle, prior to submitting a Theft Report to the police.

17      239.    Defendants breached that duty by failing to use due care in training and/or creating

18   policies and procedures for its employees and/or agents to follow in regard to investigating

19   whether a customer has returned their rental vehicle to one of Defendants' many locations.

20      240.    Defendants breached that duty by failing to use due care in training and/or creating

21   policies and procedures for its employees and/or agents to follow in the creation of False Theft

22   Reports.

23      241.    Breaches of the duty of care by Defendants, and each of them, were the actual and

24   proximate causes of Plaintiff Danielle and Plaintiff Children's injuries and damages.

25      242.    Under *Respondeat Superior* doctrine, Defendants are liable for the negligent acts

26   or omissions of its employees/agents alleged herein, which were performed within the course and

27   scope of employment for and on behalf of Defendants.

28      243.    Defendants' conduct, as set forth above and with respect to all causes of action

CHRISTIAN MORRIS TRIAL ATTORNEYS
2250 Corporate Circle, Suite 390
Henderson, Nevada 89074
702-434.8282 / 702-434.1488 (fax)

below, was done with conscious disregard of Plaintiff Danielle and Plaintiff Children's rights and safety with knowledge of the probable harmful consequences and the willful and deliberate failure to act to avoid those consequences warranting an award of punitive damages. This conduct was done by an officer, director, or managing agent of the Defendants who was expressly authorized to direct or ratify its employee's conduct on behalf of the Defendant.

244.    Defendants' conduct, as set forth above and with respect to all causes of action below, occurred with implied malice toward Plaintiff Danielle and Plaintiff Children's rights and safety and/or constituting such despicable conduct as a conscious disregard of Plaintiffs' rights or safety warranting an award of punitive damages. This conduct was done by an officer, director, or managing agent of the Defendants who was expressly authorized to direct or ratify its employee's conduct on behalf of the Defendant.

245.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff Danielle and Plaintiff Children experienced and still experience extreme pain and suffering, all in a sum in excess of $15,000.00.

246.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff Danielle and Plaintiff Children experienced and still experience extreme mental anguish, all in a sum in excess of $15,000.00.

247.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff Danielle experienced and still experience humiliation and embarrassment, all in a sum in excess of $15,000.00.

248.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff Danielle experienced inconvenient proximately caused by the Defendants' actions, all in a sum in excess of $15,000.00.

249.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff Danielle experienced injury to her reputation, all in a sum in excess of $15,000.00.

250.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff Danielle suffered and will continue to suffer monetary damage, lost wages, and loss of earning capacity all in a sum in excess of $15,000.00.

251.     As a direct and proximate result of the actions or omissions of Defendants, Plaintiffs had to retain the services of CHRISTIAN MORRIS TRIAL ATTORNEYS to pursue this action and are entitled to recover costs of suit and reasonable attorney's fees incurred herein.

### EIGHTH CAUSE OF ACTION

**(Assault Against All Defendants)**

252.     Plaintiffs repeat and reallege each and every allegation contained above as though fully set forth herein.

253.     Plaintiff Danielle is a victim of Defendants' False Theft Reports.

254.     Defendants caused Plaintiff Danielle to feel apprehended by deliberately providing false information to the police with False Theft Reports and intended for and directed the police to detain, arrest, and/or imprison the Plaintiff Danielle.

255.     Defendants caused harm to Plaintiff Danielle and offensive contact by providing the police with False Theft Reports, which led to Plaintiff Danielle's arrest.

256.     Under *Respondeat Superior* doctrine, Defendants are liable for the negligent acts or omissions of its employees/agents alleged herein, which were performed within the course and scope of employment for and on behalf of Defendants.

257.     Defendants' conduct, as set forth above and with respect to all causes of action below, was done with conscious disregard of Plaintiff Danielle's rights and safety with knowledge of the probable harmful consequences and the willful and deliberate failure to act to avoid those consequences warranting an award of punitive damages. This conduct was done by an officer, director, or managing agent of the Defendants who was expressly authorized to direct or ratify its employee's conduct on behalf of the Defendant.

258.     Defendants' conduct, as set forth above and with respect to all causes of action below, occurred with implied malice toward Plaintiff Danielle's rights and safety and/or constituting such despicable conduct as a conscious disregard of Plaintiffs' rights or safety warranting an award of punitive damages. This conduct was done by an officer, director, or managing agent of the Defendants who was expressly authorized to direct or ratify its employee's conduct on behalf of the Defendant.

259.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff Danielle experienced and still experiences extreme pain and suffering, all in a sum in excess of $15,000.00.

260.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff Danielle experienced and still experiences extreme mental anguish, all in a sum in excess of $15,000.00.

261.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff Danielle experienced and still experiences humiliation and embarrassment, all in a sum in excess of $15,000.00.

262.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff Danielle experienced inconvenient proximately caused by the Defendants' actions, all in a sum in excess of $15,000.00.

263.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff Danielle experienced injury to her reputation, all in a sum in excess of $15,000.00.

264.    As a direct and proximate result of the acts or omissions of Defendants, Plaintiff Danielle suffered and will continue to suffer monetary damage, lost wages, and loss of earning capacity all in a sum in excess of $15,000.00.

265.    As a direct and proximate result of the actions or omissions of Defendants, Plaintiffs had to retain the services of CHRISTIAN MORRIS TRIAL ATTORNEYS to pursue this action and are entitled to recover costs of suit and reasonable attorney's fees incurred herein.

## NINTH CAUSE OF ACTION

### (Battery Against All Defendants)

266.    Plaintiffs repeat and reallege each and every allegation contained above as though fully set forth herein.

267.    Plaintiff Danielle is a victim of Defendants' False Theft Reports.

268.    Defendants intended to cause a harmful or offensive contact to Plaintiff Danielle, by deliberately providing false information to the police with False Theft Reports and intended for and directed the police to detain, arrest, and/or imprison the Plaintiff Danielle.

CHRISTIAN MORRIS TRIAL ATTORNEYS
2250 Corporate Circle, Suite 390
Henderson, Nevada 89074
702-434.8282 / 702-434.1488 (fax)

269.    Defendants intended to cause an imminent apprehension of such contact, by deliberately providing false information to the police with Theft Reports and intended for and directed the police to detain, arrest, and/or imprison the Plaintiff Danielle.

270.    Defendants caused harm to Plaintiff Danielle and offensive contact by providing the police with False Theft Reports, which led to Plaintiff Danielle's arrest.

271.    The harmful contact of Plaintiff Danielle occurred due to the direct and/or indirect actions of Defendants.

272.    The police's detention, arrest, and/or imprisonment of the Plaintiff Danielle was offensive.

273.    Plaintiff Danielle did not consent to the contact by police.

274.    Defendants encouraged and substantially assisted the police in accomplishing the detention, arrest, and/or imprisonment of the Plaintiff Danielle knowing that such conduct was tortious in nature and knowing that Defendants' conduct breached the duties they owed to the Plaintiff Danielle.

275.    Defendants ordered and/or induced the police to detain, arrest, and/or imprison the Plaintiff Danielle when they knew or should have known that there was no basis to detain, arrest, or imprison the Plaintiff Danielle and that the detention, arrest, and/or imprisonment of the Plaintiff Danielle by Defendants would have been tortious conduct also subjecting Defendants to liability.

276.    Under *Respondeat Superior* doctrine, Defendants are liable for the negligent acts or omissions of its employees/agents alleged herein, which were performed within the course and scope of employment for and on behalf of Defendants.

277.    Defendants' conduct, as set forth above and with respect to all causes of action below, was done with conscious disregard of Plaintiff Danielle's rights and safety with knowledge of the probable harmful consequences and the willful and deliberate failure to act to avoid those consequences warranting an award of punitive damages. This conduct was done by an officer, director, or managing agent of the Defendants who was expressly authorized to direct or ratify its employee's conduct on behalf of the Defendant.

CHRISTIAN MORRIS TRIAL ATTORNEYS
2250 Corporate Circle, Suite 390
Henderson, Nevada 89074
702-434.8282 / 702-434.1488 (fax)

278.   Defendants' conduct, as set forth above and with respect to all causes of action below, occurred with implied malice toward Plaintiff Danielle's rights and safety and/or constituting such despicable conduct as a conscious disregard of Plaintiffs' rights or safety warranting an award of punitive damages. This conduct was done by an officer, director, or managing agent of the Defendants who was expressly authorized to direct or ratify its employee's conduct on behalf of the Defendant.

279.   As a direct and proximate result of the acts or omissions of Defendants, Plaintiff Danielle experienced and still experiences extreme pain and suffering, all in a sum in excess of $15,000.00.

280.   As a direct and proximate result of the acts or omissions of Defendants, Plaintiff Danielle experienced and still experiences extreme mental anguish, all in a sum in excess of $15,000.00.

281.   As a direct and proximate result of the acts or omissions of Defendants, Plaintiff Danielle experienced and still experiences humiliation and embarrassment, all in a sum in excess of $15,000.00.

282.   As a direct and proximate result of the acts or omissions of Defendants, Plaintiff Danielle experienced inconvenient proximately caused by the Defendants' actions, all in a sum in excess of $15,000.00.

283.   As a direct and proximate result of the acts or omissions of Defendants, Plaintiff Danielle experienced injury to her reputation, all in a sum in excess of $15,000.00.

284.   As a direct and proximate result of the acts or omissions of Defendants, Plaintiff Danielle suffered and will continue to suffer monetary damage, lost wages, and loss of earning capacity all in a sum in excess of $15,000.00.

285.   As a direct and proximate result of the actions or omissions of Defendants, Plaintiffs had to retain the services of CHRISTIAN MORRIS TRIAL ATTORNEYS to pursue this action and are entitled to recover costs of suit and reasonable attorney's fees incurred herein.

///

///

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

1.      For general and special damages in excess of $15,000.00;

2.      For punitive damages;

3.      For interest as permitted by law;

4.      For reasonable attorney's fees and costs of suit incurred herein; and

5.      For such other and further relief as the court deems just and proper.

DATED this 22nd day of April 2024.

CHRISTIAN MORRIS TRIAL ATTORNEYS

CHRISTIAN M. MORRIS, ESQ.
Nevada Bar No. 11218
VICTORIA R. ALLEN, ESQ.
Nevada Bar No. 15005
SARAH E. DISALVO, ESQ.
Nevada Bar No. 16398
2250 Corporate Circle, Suite 390
Henderson, Nevada 89074
*Attorneys for Plaintiffs*

**CHRISTIAN MORRIS TRIAL ATTORNEYS**
2250 Corporate Circle, Suite 390
Henderson, Nevada 89074
702-434.8282 / 702-434.1488 (fax)