CHRISTIAN M. MORRIS, ESQ.
Nevada Bar No. 11218
VICTORIA R. ALLEN, ESQ.
Nevada Bar No. 15005
SARAH E. DISALVO, ESQ.
Nevada Bar No. 16398
**CHRISTIAN MORRIS TRIAL ATTORNEYS**
2250 Corporate Circle, Suite 390
Henderson, Nevada 89074
T: (702) 434-8282
F: (702) 434-1488
Christian@CMTrialAttorneys.com
Victoria@CMTrialAttorneys.com
Sarah@CMTrialAttorneys.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIELLE S. BRISSETT, an individual; ANTHONY HAMMOND JR., an individual; DAIMIER BRISSETT, a minor by and through his natural mother and guardian DANIELLE S. BRISSETT; CHRISTENE EARLY, a minor by and through her natural mother and guardian DANIELLE S. BRISSETT; and LEGEND BRISSETT, a minor by and through her natural mother and guardian DANIELLE S. BRISSETT;<br><br>Plaintiffs,<br><br>vs.<br><br>ENTERPRISE LEASING COMPANY-WEST, LLC d/b/a ENTERPRISE RENT-A-CAR, a foreign limited liability company; ENTERPRISE HOLDINGS, INC., a foreign corporation, KINGS ROW TRAILER PARK, INC., a Nevada corporation; DOES 1 through 10; ROE CORPORATIONS 13 through 20; and ABC LIMITED LIABILITY COMPANIES 21 through 30, inclusive,<br><br>Defendants. | CASE NO.: 2:24-CV-01382-BNW<br><br><br><br><br><br><br><br><br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND** |

///

1

Plaintiffs, DANIELLE S. BRISSETT, an individual; ANTHONY HAMMOND JR., an individual; DAIMIER BRISSETT, a minor by and through his natural mother and guardian DANIELLE S. BRISSETT; CHRISTENE EARLY, a minor by and through her natural mother and guardian DANIELLE S. BRISSETT; and LEGEND BRISSETT, a minor by and through her natural mother and guardian DANIELLE S. BRISSETT, (collectively "Plaintiffs") by and through their attorneys, CHRISTIAN M. MORRIS, ESQ., VICTORIA R. ALLEN, ESQ., and SARAH E. DISALVO, ESQ. of the law firm CHRISTIAN MORRIS TRIAL ATTORNEYS hereby submit the following *Reply in Support of Plaintiffs' Motion to Remand*.

This Reply is made and based upon the attached memorandum of points and authorities, all papers and pleadings on file herein, and any oral argument this Court may allow at a hearing on this matter.

DATED this 13th day of September, 2024.

CHRISTIAN MORRIS TRIAL ATTORNEYS

 */s/ Victoria R. Allen*
CHRISTIAN M. MORRIS, ESQ.
Nevada Bar No. 11218
VICTORIA R. ALLEN, ESQ.
Nevada Bar No. 15005
SARAH E. DISALVO, ESQ.
Nevada Bar No. 16398
2250 Corporate Circle, Suite 390
Henderson, Nevada 89074
*Attorneys for Plaintiffs*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION AND RELEVANT FACTS

Defendants, Enterprise Leasing Company-West, LLC dba Enterprise Rent-A-Car and Enterprise Holdings, Inc. (collectively "Defendants") allege without providing any additional evidence that an <u>unanswered</u> offer of judgment and demand letter clearly establishes by the preponderance of the evidence that the amount in controversy exceeds $75,000. *See **Electronic Court Filing (ECF) 9** at 2:27-3:19*. Yet, Defendants ignore that settlement negotiations alone cannot establish the amount in controversy and should be supplemented with other evidence that supports the settlement demands made are <u>reasonable estimates of the value of claims</u>. A settlement demand alone or refusal to stipulate as to an amount of damages rarely meets the burden necessary to remove a case when the amount in controversy is at issue. *Soriano v. USAA Ins. Agency, Inc.*, No. 3:09-CV-00661-RCJ-(RAM), 2010 U.S. Dist. LEXIS 76993, at *6 (D. Nev. June 24, 2010) (citing *Fitzpatrick v. Dufford*, Civil Action No. 5:05CV128, 2006 U.S. Dist. LEXIS 19188, at *11 (N.D.W. Va. Mar. 28, 2006)).

"A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (citing *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428-30 (7th Cir. 1997) (plaintiff's settlement offer can be consulted in determining "plaintiff's assessment of the value of her case"); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) (a "settlement offer, by itself, may not be determinative, it counts for something"); *Wilson v. Belin*, 20 F.3d 644, 651 n. 8 (5th Cir. 1994)). Critically, Defendants have not carried their burden to establish by the preponderance of the evidence that the settlement letter appears to reflect a <u>reasonable estimate</u> of the value of Plaintiffs' claims because they have provided no evidence to support that it is a reasonable estimate of Plaintiffs damages.

Similarly, Defendants' offer of judgment in an amount of $75,025 fails to establish the reasonable value of Plaintiffs' claims or that the amount in controversy is met based on the preponderance of the evidence. Critically, an offer of judgment arbitrarily set at $25 above the

required federal jurisdiction amount in controversy does not establish the reasonable value of any claims or that an amount in controversy is met. *See Boatright v. Ford Motor Co.*, Case No. 18-cv-03157-BLF, 2018 U.S. Dist. LEXIS 159406, 2018 WL 4488762, at *3 (N.D. Cal. Sept. 17, 2018) (noting a defendant's lack of evidence to "ground" their $75,001 settlement offer and the monetary figure itself indicated they "simply manufactured the number out of whole cloth" based on jurisdictional requirements).

Under a preponderance of the evidence standard, a removing defendant must "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" the jurisdictional minimum. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (citations omitted). The party seeking removal bears the burden of establishing federal jurisdiction is proper. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). In this case Defendants failed to carry their burden to establish the amount in controversy is met based on the preponderance of the evidence, because they failed to establish that any of the settlement offers are reasonable or that Plaintiffs are likely to obtain a verdict for over $75,000 at trial.

## II.
## LEGAL ARGUMENT

The party asserting federal jurisdiction has the burden of overcoming the presumption against federal jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Specifically, federal jurisdiction must be rejected "[i]f there is <u>any doubt</u> as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam); *see also Durham*, 445 F.3d at 1252 (noting any ambiguity must be resolved in favor of remand). The removing defendant must support a claim for federal jurisdiction with specific facts; conclusory or speculative arguments are insufficient. *Gaus*, 980 F.2d at 567. Speculation is insufficient to establish removal jurisdiction. *See Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 774 (9th Cir. 2017). To establish removal is appropriate based on some other paper, Defendants must submit evidence including affidavits or declarations, or other "summary - judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (internal

1 quotation marks omitted).

2 When evaluating the amount in controversy on other papers or pleadings, courts may
3 consider "a chain of reasoning that includes assumptions…those assumptions <u>cannot</u> be pulled
4 from thin air but need some <u>reasonable ground underlying them</u>." *Ibarra v. Manheim Invs., Inc.*,
5 775 F.3d 1193, 1199 (9th Cir. 2015) (emphasis added). Defendants have a "burden of setting
6 forth, <u>in the removal petition itself</u>, the underlying facts supporting its assertion that the amount
7 in controversy exceeds [$75,000]." *Gaus*, 980 F.2d at 567 (emphasis added).

**A. <u>Defendant carries the burden to establish removal is timely and the allegations do not establish an amount in controversy facially in excess of $75,000—which it failed to do</u>.**

10 In this case, Defendants provided a generic argument without supporting evidence that the
11 complaint does not facially establish an amount in controversy in excess of $75,000. *See **ECF 1***
12 ***at 5:7-9; ECF 6 at 2:21-24***. Defendants failed to acknowledge specific allegations as to the harm
13 and injuries suffered by Danielle Brisset for Nine different causes of action and the relief sought—
14 including but not limited to six types of damages each in excess of $15,000. *See e.g.* ***ECF 7-2 at***
15 ***¶¶ 214-231***. Plaintiffs did not cite to page one of the First Amended Complaint to establish that
16 the amount in controversy was facially in excess of $75,000—the citation at issue was clearly to
17 note that notice of removal was untimely based on when the document was filed, which is why
18 the first page of the Notice of Removal was also cited with instructions to "see and compare" both
19 documents. *See **ECF 7** at 6:5-7*. Defendants incorrectly argue no text in the First Amended
20 Complaint supports the amount in controversy was facially in excess of $75,000 and that Plaintiffs
21 only rely on the first page of the document to support their position. *See **ECF 9** at 6:6-7*.

22 To determine the amount in controversy, courts first look to the plain language of the
23 allegations in the initial pleadings. *Ibarra*, 775 F.3d at 1197. Generally, in most cases, the
24 damages claimed by the plaintiff in the initial pleadings controls if the claim is apparently made
25 in good faith. *Id*. (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.
26 Ct. 586, 82 L. Ed. 845 (1938)). Defendants cannot merely state that the allegations did not facially
27 establish an amount in controversy in excess of $75,000 while ignoring the allegations. Defendant
28 focuses on the prayer for relief while ignoring the plain language of the allegations. *See and*

*compare* **ECF 9 at 6:6-7; ECF 7-2 at ¶¶ 214-231**. Thus, if this Court finds an amount in controversy facially in excess of $75,000 based on the allegations, Defendant failed to carry its burden of proof that removal was timely. *Gaus*, 980 F.2d at 567.

B. **<u>Defendants failed to establish by a preponderance of the evidence that the demand letter establishes the amount in controversy.</u>**

Assuming, *arguendo*, the amount in controversy is not facially in excess of $75,000 based on the initial pleadings, Defendant failed to establish that Plaintiffs' demand letter is a reasonable evaluation of the damages at issue in this case. A settlement demand is only considered "relevant evidence of the amount in controversy <u>if it appears to reflect a reasonable estimate of the plaintiff's claim</u>." *Cohn*, 281 F.3d at 840 (emphasis added). Defendants failed to provide any supporting evidence to establish the demand letter and Plaintiffs' valuation of their claims is reasonable. Defendants emphasize the removing party can rely on a chain of reasoning that includes assumption. *See* **ECF 9 at 7:19-21**. Yet, Defendants ignore that "those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Ibarra*, 775 F.3d at 1199. Defendants have provided no evidence to establish that Plaintiffs beliefs about the value of their claims is reasonable or to support such assumptions.

Emotional distress damages are properly considered in the amount in controversy for jurisdiction purposes. *See, e.g., Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012). "To establish the amount of emotional distress in controversy, a defendant may introduce evidence of jury verdicts in other cases." *Cain*, 890 F. Supp. 2d at 1250 (citing *Rivera v. Costco Wholesale Corp.*, No. C 08-02202, 2008 U.S. Dist. LEXIS 58610, 2008 WL 2740399, at *1 (N.D. Cal. July 11, 2008)). Here, Defendant did not provide any cases or similar verdicts which support that the demand letter is a reasonable estimate of damages that Plaintiffs might obtain at trial—which is critical because these claims involve primarily emotional distress damages. Thus, it is not clear that the demand letter is a reasonable estimate of the actual value of Plaintiffs' claims.

///

///

6

Numerous cases establish that false imprisonment claims often do not result in awards of damages in excess of $75,000 and there are significant doubts as to if a jury would award any of the Plaintiffs over $75,000 in damages in this case. *See e.g. Safety Mut. Cas. Corp. v. Liberty Mut. Ins. Co.*, No. 91-1993, 1992 U.S. App. LEXIS 28871, at *6 (1st Cir. Mar. 30, 1992) (in false imprisonment claim with emotional distress injuries, the jury awarded a plaintiff $50,000 for actual damages); *Ruhlmann v. Smith*, 323 F. Supp. 2d 356, 365 (N.D.N.Y. 2004) (emphasizing that reasonable ranges for damages awards in false imprisonment claims can be anywhere from $51,950 to $250,000); *Bartley v. Kims Enter. of Orlando*, No. 6:10-cv-1180-Orl-36DAB, 2013 U.S. Dist. LEXIS 206490, at *17 (M.D. Fla. July 8, 2013) (false arrest at gunpoint caused emotional distress and resulted in a jury verdict for $50,000 in compensatory damages); *Wagenmann v. Adams*, 829 F.2d 196, 200 n.2 (1st Cir. 1987) (following trial and remittitur, a plaintiff subjected to a malicious false imprisonment accepted reduced damages of $50,000 for the false imprisonment claim, which was determined to be a reasonable value for such a claim); *Barker v. Netcare Corp.*, 2001-Ohio-3975, 147 Ohio App. 3d 1, 5, 768 N.E.2d 698, 701 (jury verdict in false imprisonment finding the tort occurred with insult or actual malice awarded plaintiff $50,000 in compensatory damages); *In re Watson, Nos*. 18-69905-BEM, 19-5127-BEM, 2022 Bankr. LEXIS 3758, at *12 (Bankr. N.D. Ga. Dec. 2, 2022) (attributing $50,000 and $16,667 of a jury verdict to the false imprisonment claim for two women falsely accused of theft). *Carter v. May Dep't Store Co.*, 2004 PA Super 231, ¶ 13, 853 A.2d 1037, 1041 (jury finding false arrest occurred but awarded no damages); *Normius v. Eckerd Corp.*, 813 So. 2d 985, 987 (Fla. Dist. Ct. App. 2002) (jury verdict for false imprisonment reduced from $110,000 to $100 after trial); *Zalewski v. Gallagher*, 150 N.J. Super. 360, 369, 375 A.2d 1195, 1200 (Super. Ct. App. Div. 1977) (upholding jury verdict for $5,000 in punitive damages for false imprisonment although the jury granted no compensatory damages).

Similarly, many courts have found that even where a false arrest clearly occurs the plaintiff may only be entitled to recover nominal damages. *See, e. g., Banks v. Fritsch*, 39 S.W. 3d 474, 479 (Ky. App. 2001) (concluding that for a claim of false imprisonment the plaintiff may recover nominal damages); *Zok v. State of Alaska*, 903 P.2d 574, 577 (Ak. 1995) (finding victim

1  of false arrest was falsely imprisoned and is therefore entitled to nominal damages as a matter of
2  law); *Mason v. Wrightson*, 205 Md. 481, 109 A.2d 128, 131-32 (Md. App. 1954) (concluding a
3  plaintiff was entitled to nominal damages for assault, battery, and false imprisonment).

4      The above cases illustrate that a jury verdict for damages based on the claims at issue in
5  this litigation can easily be under $75,000 and might even include only nominal damages—such
6  outcomes at trial are hardly rare. Defendant did not provide any cases which support that Plaintiffs
7  demand letter is a reasonable estimate of the damages at issue. Admittedly, the demand letter at
8  issue references a case in which an Enterprise customer obtained a jury verdict for $75,000 based
9  on Enterprise's failure to withdraw a criminal complaint—but no details as to the facts of that
10 case or why such a verdict was justified are included. *See* **ECF 9-2, Demand Letter Filed Under**
11 **Seal, at 2**. Similarly, the demand letter references a massive settlement agreement involving
12 Hertz—not Defendant—to settle **364 claims** related to a rampant, apparently chronic, and well-
13 known issue of wrongful arrest based on improperly reported stolen vehicles. ***Id*. at 2-3**. Yet,
14 Defendants failed to provide any evidence or facts as to the specifics of the 364 individual claims
15 or demonstrate that such cases are comparable to the damages requested in this case.

16     Critically, Defendants have not admitted that they engage in a chronic repeated and well-
17 known corporate practice of falsely reporting cars a stolen that might give rise to a massive
18 settlement involving 364 claimants—which would justify significant punitive damages if claims
19 proceeded to trial. Thus, this case is not like the Hertz settlement and the amount involved in
20 those settlements should not be viewed as a reasonable amount Plaintiffs might obtain at trial.
21 Crucially, Defendant provided no similar cases to establish that parties in a similar position to
22 Plaintiffs have received jury verdicts in the amounts requested in the demand letter. Yet, the cases
23 cited above support that false imprisonment cases can and often do result in damages under
24 $75,000 or even nominal damages. Defendants have the burden to establish by a preponderance
25 of the evidence the amount in controversy, so merely citing to the demand letter does not satisfy
26 their burden of proof because Defendants did not provide any evidence that the amount requested
27 in the demand letter is reasonable. Defendants must establish such facts, not Plaintiffs.
28 ///

8

1        Here, it is briefly worth noting that Defendants have not carried their burden of proof to argue that punitive damages or attorney fees should be considered for the amount in controversy. To establish the amount in controversy based on punitive damages, a defendant must come forward with evidence, which may include jury verdicts or settlements in substantially similar cases. *See, e.g., Flores v. Standard Ins. Co.*, No. 3:09-cv-00501-LRH-RAM, 2010 U.S. Dist. LEXIS 7654, 2010 WL 185949, at *5 (D. Nev. Jan. 15, 2010); *Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005, 1008 (E.D. Cal. 2011). As previously explained, Defendants have provided no such cases. Thus, Defendants failed to carry their burden of proof as to any punitive damages relevant to the amount in controversy.

       Courts MAY consider attorney fees for the amount in controversy, but the defendant must identify a statute which provides for such fees and provide an estimate of the time and billing rates that will result in attorney fees. *Cayer v. Vons Cos*., No. 2:16-cv-02387-GMN-NJK, 2017 U.S. Dist. LEXIS 113698, at *4 (D. Nev. July 21, 2017). A party cannot simply refer to a request for attorney fees to speculate that the amount in controversy will exceed $75,000 in a case. *See, e.g., Surber v. Reliance Nat. Indent. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000) (declining to consider attorneys' fees where "Defendant has not estimated the amount of time that the case will require, nor has it revealed plaintiff's counsel's hourly billing rate."); *Wilson v. Union Sec. Life Ins. Co.*, 250 F. Supp. 2d 1260, 1264 (D. Idaho 2003) (noting a defendant "must do more than merely point to [a plaintiff's] request for attorney's fees; upon removal it must demonstrate the probable amount of attorney's fees"). Defendant provided no evidence or arguments that permit it to place attorney fees at issue when considering the amount in controversy.

       Defendants claim that this case is not like *Gaus* and they are not attempting to recite some type of "magical incantation" about the amount in controversy. *See* **ECF 9 at 9:17-27**. Yet Defendants fail to appreciate that this case is extremely similar to *Gaus* because Defendants failed to present any evidence that the demand letter is reasonable. To the contrary Defendants merely provide the repeated dogmatic representation that Plaintiffs would not submit an unreasonable demand and therefore it must be reasonable. Such circular logic is not proper summary judgment style evidence that Defendants must provide to establish there is no doubt as to the amount in

9

controversy and that Plaintiffs' demand letter is a reasonable determination about the value of their claims. Given the numerous cases in which false imprisonment claims do not result in jury verdicts in excess of $75,000 and Defendant's failure to provide any evidentiary support for its position, there is a doubt as to if the amount in controversy is met based on the demand letter.

## C. **Defendants failed to establish by a preponderance of the evidence that the offer of judgment establishes the amount in controversy.**

Assuming arguendo the amount in controversy is not facially in excess of $75,000 based on the initial pleadings, Defendant failed to establish that settlement offer is a reasonable evaluation of the damages at issue in this case. Critically, an offer of judgment arbitrarily set at one dollar above the required federal jurisdiction amount in controversy does not establish the reasonable value of any claims or that an amount in controversy is met. *Yahn v. Ky. W. Co.*, No. 3:21-cv-00227-MMD-WGC, 2021 U.S. Dist. LEXIS 204992, at *5 (D. Nev. Oct. 25, 2021).

Many district courts have similarly found that "a plaintiff's failure to accept a settlement offer does not prove the amount of [sic] controversy requirement is satisfied." *Franklin v. FCA US, LLC*, Case No. EDCV 20-343-MWF, 2020 WL 2787624, at *4 (C.D. Cal. May 29, 2020). A plaintiff's failure to accept an offer of judgment for $75,001 is not a concession that the amount in controversy exceeds $75,000. *Yahn*, 2021 U.S. Dist. LEXIS 204992, at *6 (citing *Boatright*, 2018 WL 4488762, at *3 (declining to find that plaintiff's rejection of offer of judgement one dollar above the jurisdictional limit "reasonably serve[d] as evidence of the amount in controversy"); *Burrowes v. Swift Transp. Co., Inc.,* Case No. 10-00138-CG-N, 2010 WL 2976102, at *6-*7 (S.D. Ala. June 29, 2010) (finding "no adverse inference may reasonably be drawn from plaintiffs' failure to accept [defendants'] offer, even if it were deemed to have been intentional"); *Jackson v. Metro. Prop. & Cas*. Ins. Co., Case No. 6:09-CV-604-ORL-31GJK, 2009 WL 1456439, at *2 (M.D. Fla. May 22, 2009) (finding plaintiff's silence or rejection of the settlement offer "did not alter the amount in controversy")).

Here, Defendants provided an offer of judgment for $75,025 which is barely above the jurisdiction amount in controversy requirement. *See **ECF 9-3***. Notably, the offer of judgment was made only after Plaintiffs moved to remand and argued that Defendants had failed to carry their

burden of proof and provide evidence that the amount in controversy is met. *Id*. The timing and amount of the offer make it reasonably transparent that the offer was an attempt to manufacture evidence as to the amount in controversy and was not a reasonable determination as to the value of Plaintiffs' claims. Critically, the offer was made at a time when neither party had necessary information to fully evaluate the value of the claims and Plaintiffs were silent as to the offer and provided no response. A lack of response on Defendants' opportunistic offer of judgment is hardly reliable evidence as to the reasonable value of Plaintiffs' claims.

### D. **Plaintiffs are not required to submit proof that the amount in controversy is below $75,000 and they are not estopped from pursing damages in excess of $75,000.**

Defendants appear to be confused as to which party bears the burden of proof regarding removal and the amount in controversy and wrongly claim that Plaintiff should have to prove that the amount in controversy is below $75,000 in this dispute. *See* **ECF 9** **at 10:1-25**. Defendant is extremely mistaken in assuming and arguing that Plaintiff must establish that the amount in controversy is below $75,000 in this case. Case law on this issue is clear that the party seeking removal bears the burden of establishing federal jurisdiction is proper. *Durham*, 445 F.3d at 1252. Defendants and not Plaintiffs must establish the amount in controversy.

"A plaintiff may either facially or factually contest a defendant's jurisdictional allegations." *Hoang Son Do v. State Farm Mut. Ins. Co*., No. 2:24-cv-00731-BNW, 2024 U.S. Dist. LEXIS 127391, at *3 (D. Nev. July 19, 2024) (citing *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964-65 (9th Cir. 2020)). A "facial attack" accepts the allegations as true but maintains that such facts even if true cannot support federal jurisdiction; in such cases "a court need only determine whether the defendant has plausibly alleged the facts necessary to support removal." *Id*. (citations omitted). "Unlike a "facial attack,' a 'factual attack' challenges the underlying factual bases of the jurisdictional allegations." *Id*. (citing *Salter*, 974 F.3d at 964). "A plaintiff need not introduce evidence on its own to mount a factual attack, but rather 'need only challenge the truth of the defendant's jurisdictional allegations by making a reasoned argument as to why any assumptions on which they are based are not supported by evidence." *Id*. (citing *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020)).

In this case, Plaintiffs are not required to prove that the amount in controversy is below $75,000, as Defendants erroneously allege. Plaintiffs have set out exactly how and why the evidence that Defendants provided has not and cannot remove any doubts as to the amount in controversy and if federal jurisdiction is proper. In response to Plaintiffs' well-reasoned arguments and legal authorities, Defendants failed to provide any further supporting evidence and dogmatically cling to the argument that the demand letter settles this dispute. Instead, they attempted to manufacture further evidence based on an opportunistic offer of judgment that should be ignored. Plaintiffs are not required to prove the amount in controversy is below $75,000 and Defendants should have acknowledged their burden of proof and provided requisite evidence to support that there is <u>no doubt</u> federal jurisdiction is appropriate.

As explained *supra*, Defendants carry the burden of establishing by the preponderance of the evidence that the amount in controversy exceeds $75,000; their offer to stipulate as to the amount in controversy is not dispositive and request for judicial estoppel need not be considered. *Gaus*, 980 F.2d at 567. It appears that Defendants are keen to stipulate as to the amount in controversy or use estoppel to prevent Plaintiffs from seeking additional damages because they failed to provide the requisite evidence to support the amount in controversy exceeds $75,000 in this case. *See* **ECF 9 at 10:3-8; 11:1-12**. Yet, the legal authority that Defendants rely upon is easily distinguishable as Plaintiffs have never made or advanced any arguments as to the actual value of their claims, and only are pointing out that Defendants failed to carry their burden of proof as to the amount in controversy. *See generally* **ECF 7**.

In *Cicero v. Target Corp.*, No. 2:13-CV-619 JCM (GWF), 2013 U.S. Dist. LEXIS 89766, at *5 (D. Nev. June 26, 2013), the *Cicero* Court found "based on plaintiff's arguments in her motion to remand that her damages are limited to $74,999.99, plaintiff is judicially estopped from arguing for more than $75,000 in damages." The *Cicero* Court based its decision on *Ratliff v. Merck & Co., Inc.*, 359 F. Supp.2d 571, 576 (E.D. Ky. 2005) in which a plaintiff was judicially estopped from claiming damages in excess of $75,000 because the complaint specifically alleged that damages would not exceed $75,000 in the case. *Id*. Defendant cites to *Cicero* for its position that Plaintiffs should be estopped from seeking more than $75,000 if this case is remanded. *See*

*ECF 9* at **11:6-9**. Yet, Defendants ignore that Plaintiffs never claimed their damages were a specific amount below $75,000 in this case and only represented that Defendants have the burden to establish the amount in damages which they failed to do. *See generally* **ECF 7**. Simply put, Plaintiffs never explicitly claimed specific damages in any pleadings and estoppel is not justified.

A plaintiff's refusal to stipulate to a cap on damages at $75,000 is not sufficient to establish removal jurisdiction. "There are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy [the defendant's] burden of proof on the jurisdictional issue." *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001). Indeed, to allow removal based on a showing that the plaintiff did not to stipulate to damages under $75,000 would shift the burden to the plaintiff. *Wilson*, 250 F.Supp.2d at 1265 n. 8. "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper" which is only satisfied if defendant can prove "the plaintiff claims a sum greater than the jurisdictional requirement." *Gaus*, 980 F.2d at 566. Thus, any arguments as to stipulations should not be considered in evaluating the amount in controversy.

It is Defendants' burden to prove the amount in controversy is met based on the preponderance of the evidence. Defendants have not and cannot identify any statements which estop Plaintiffs from seeking more than $75,000 in damages and Plaintiffs are not required or expected to stipulate as to the amount of damages to satisfy Defendants' burden of proof for them. Here, despite multiple opportunities to provide requisite evidence to remove any doubts as to the propriety of federal jurisdiction in this case, Defendant failed to provide adequate evidence to remove any doubts as to if the amount in controversy exceeds $75,000. Critically, Defendants failed to provide this court with cases and evidence to support that any demands or settlement offers were reasonable and establish the amount in controversy requirement is met. Accordingly, there are doubts as to Defendants right to removal and remand is appropriate based on the circumstances and evidence.

///

///

///

## III.

## CONCLUSION

Defendants failed to establish the amount in controversy exceeds $75,000 in this case. Defendants' Opposition provides zero cases which establish that any offer of judgment or demand letter requests are a reasonable estimate of the value of the claims at issue in **this** litigation. If Defendants emphasize the cases cited in Plaintiffs' demand letter, Defendant's Opposition "offers zero analysis as to why a similar award should be anticipated under the facts of this case." *Casas v. Geico Indem. Co.*, No. 2:13-cv-1567-JAD-CWH, 2013 U.S. Dist. LEXIS 170806, at *6 (D. Nev. Dec. 4, 2013). Defendants merely repeat that Plaintiffs demand letter is reasonable without providing any evidentiary support for such assumptions or cases that justify such a position. Defendants carry the burden to establish there is no doubt the amount in controversy is met and they have failed to carry their burden in this case.

WHEREFORE, Plaintiffs respectfully request that this Court remand this case back to the Eighth Judicial District Court for the State of Nevada, County of Clark.

DATED this 13th day of September, 2024.

CHRISTIAN MORRIS TRIAL ATTORNEYS

 */s/ Victoria R. Allen*
CHRISTIAN M. MORRIS, ESQ.
Nevada Bar No. 11218
VICTORIA R. ALLEN, ESQ.
Nevada Bar No. 15005
SARAH E. DISALVO, ESQ.
Nevada Bar No. 16398
2250 Corporate Circle, Suite 390
Henderson, Nevada 89074
*Attorneys for Plaintiffs*

# CERTIFICATE OF E-SERVICE

I hereby certify that on the 13th day of September 2024, I electronically filed the foregoing **REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted in the Electronic Mail Notice List as listed below:

Eric W. Swanis, Esq.
Bethany L. Rabe, Esq.
GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
*Attorneys for Defendants Enterprise Leasing Company-West, LLC dba Enterprise Rent-A-Car and Enterprise Holdings, Inc.*

                 */s/ Jasmine Salado*
                 An employee of CHRISTIAN MORRIS TRIAL ATTORNEYS