UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Danielle S. Brissett, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Enterprise Leasing Company-West LLC, et al.,<br><br>Defendants. | Case No. 2:24-cv-01382-BNW<br><br>**ORDER** |

Plaintiff Danielle Brissett ("Ms. Brissett") and her four children sued Defendants Enterprise West and Enterprise Holdings in state court for injuries related to a false arrest. Upon receiving a demand letter from Plaintiffs for $2,200,000, Defendants removed the case to federal court. ECF No. 1. Plaintiffs now move to remand. ECF No. 7. Because it was not clear from the first-amended complaint that the case was removable, Defendants timely removed upon receiving the demand letter. Additionally, because Plaintiffs' demand letter is a reasonable estimate of their claims, Defendants have met their burden to prove that the amount in controversy exceeds $75,000. Therefore, the Court denies Plaintiffs' motion to remand. The Court also grants Defendants' unopposed motion to seal the demand letter. ECF No. 10.

**I.     BACKGROUND**

This is a torts case in which Plaintiffs allege numerous injuries arising from the false arrest of Ms. Brissett. Plaintiffs filed their original complaint in state court against Defendants Enterprise West, Enterprise Holdings, and Kings Row Trailer Park. ECF No. 1-2 at 2–3. Defendant Enterprise West is Delaware limited liability company. ECF No. 1 at 4. Defendant Enterprise Holdings is a citizen of Missouri and the sole member and owner of Enterprise West. *Id.* Kings Row Trailer Park is a citizen of Nevada. *Id.* at 3. Plaintiffs are citizens of Pennsylvania. *Id.* at 5. Though the parties are diverse, the original complaint was not removable because Defendant Kings Row Trailer Park was a citizen of Nevada, the forum state. *See* 28 U.S.C. § 1441(b)(2).

On April 22, 2024, Plaintiffs filed their first-amended complaint, in which they removed Kings Row Trailer Park as a defendant. ECF No. 1-1. Plaintiffs served a copy of the amended complaint on Defendant Enterprise West on April 25, 2024, and a copy on Defendant Enterprise Holdings on April 26, 2024. ECF No. 9 at 4. Neither Plaintiffs nor Defendants dispute that the parties in the amended complaint are diverse for purposes of diversity jurisdiction.

On June 27, 2024, Plaintiffs served a demand letter on Defendants' counsel. ECF No. 11. In the demand letter, Plaintiffs sought approximately $2,200,000. *Id.* Defendants filed their notice of removal on July 26, 2024. ECF No. 1. Plaintiffs moved to remand less than one month later. ECF No. 7.

Plaintiffs first argue that Defendants' removal was untimely because they should have removed after receiving the first-amended complaint, not the demand letter. *Id.* Next, Plaintiffs argue that even if Defendants timely removed, they have not met their burden to prove that the amount in controversy exceeds $75,000. *Id.* Defendants respond that they timely removed after receiving the demand letter because that document, not the first-amended complaint, first put them on notice that the case was removable. ECF No. 9. Defendants further argue that they have met their burden because Plaintiffs' demand letter is a reasonable estimate of their claims.

Therefore, there are two issues before the Court. First, whether the first-amended complaint triggered the 30-day period in which Defendants were required to remove. If the answer is no, and the demand letter triggered the 30-day period, then the Court must determine whether Defendants met their burden to prove that the amount in controversy meets the jurisdictional threshold. The Court analyzes both below.

## II. MOTION TO REMAND

### A. Legal Standard

Defendants may remove certain actions filed in state court to a district court so long as the federal court has jurisdiction and procedural requirements are met. 28 U.S.C. § 1441(a). A federal court has jurisdiction, and therefore removal is proper, if there is a federal question or diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *Id.* §§ 1331, 1332(a). Because federal courts have limited jurisdiction, there is a strong presumption against

removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A defendant seeking removal bears the burden of establishing federal jurisdiction. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

### B. Timeliness

Regarding the procedural requirements, there are two pathways to removal. 28 U.S.C. § 1446(b). Each is governed by a thirty-day period. *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1090 (9th Cir. 2021). The first and most common pathway is triggered when the initial pleading "set[s] forth" a ground for removal. *Id.*; 28 U.S.C. § 1446(b)(1). In those cases, the thirty-day clock begins running after service of the initial complaint only if "the case stated by the initial pleading is removable on its face." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).

The second pathway is triggered when "the case stated by the initial pleading is not removable," but the defendant later receives an "amended pleading, motion, order, or other paper from which it may first be ascertained" that the case "is or has become removable." 28 U.S.C. § 1446(b)(3); *Deitrich*, 14 F.4th at 1090. In these cases, the thirty-day clock begins running after service of an amended pleading or other paper "makes a ground for removal unequivocally clear and certain." *Id.* at 1095. This standard, "'in contrast to the former, seems to require a greater level of certainty or that the facts supporting removability be stated unequivocally.'" *Id.* (quoting *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002)).

Here, the initial complaint was not removable on its face because it included Kings Row Trailer Park, a citizen of Nevada, as a defendant. ECF No. 1-2 at 2–3. Under § 1441(b), a case cannot be removed for purposes of diversity jurisdiction if a defendant is a citizen of the forum state. *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006). So, the first thirty-day clock never began. The parties do not dispute this point.

Instead, the parties argue over whether the first-amended complaint, which no longer named Kings Row Trailer Park as a defendant, started the second thirty-day clock. *See* ECF No. 1-1. Plaintiffs argue that the first-amended complaint started the clock because, in it, they alleged damages in excess of $15,000 for each of their nine causes of action, which made clear that they were seeking over $75,000. ECF No. 7 at 6. Defendants respond that Plaintiffs never explicitly

stated they were seeking in excess of $15,000 for each cause of action and that, in the prayer for relief, Plaintiffs generically seek "general and special damages in excess of $15,000." ECF No. 9 at 6. Defendants contend that it was not clear that Plaintiffs were seeking more than $75,000 until they received Plaintiffs' demand letter for $2,200,000, at which point, Defendants timely removed. *Id.* at 4.

Because the first-amended complaint is an amended pleading, the unequivocally clear-and-certain standard from the second pathway applies. *See Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021). So, the first issue before this Court is whether it is unequivocally clear and certain from the first-amended complaint that the amount in controversy exceeds $75,000. "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).

Here, the first-amended complaint alleges nine causes of action. ECF No. 1-1 at 17–35. The first, second, third, eighth, and ninth causes of action each contain the following language:

> As a direct and proximate result of the acts or omissions of Defendants, Plaintiff Danielle experienced . . . [1] extreme pain and suffering all in a sum in excess of $15,000.00 . . . [2] extreme mental anguish all in a sum in excess of $15,000 . . . [3] humiliation and embarrassment all in a sum in excess of $15,000 . . . [4] inconvenience all in a sum in excess of $15,000 . . . [5] injury to her reputation all in a sum in excess of $15,000 . . . [6] and monetary damage, lost wages, and loss of earning capacity all in a sum in excess of $15,000.

*Id.* (cleaned up). This language is the same in the fourth, fifth, sixth, and seventh causes of action, except that damages sought on behalf of Ms. Brissett's children are included in some of the requests. *Id.* at 24–32. Plaintiffs argue that the first-amended complaint clearly seeks in excess of $75,000 because they seek six types of damages, each in excess of $15,000, for all nine causes of action. ECF No. 12 at 6.

However, Plaintiffs cannot recover the same damages under different allegations or legal theories. *See Adams v. Teva Parenteral Medicines, Inc.*, No. 2:18-CV-02305-GMN-BNW, 2019 WL 4044014 (D. Nev. Aug. 26, 2019) (finding that the amount in controversy was not facially evident from the complaint, in part, because plaintiffs requested overlapping relief); *see also Elyousef v. O'Reilly & Ferrario, LLC*, 245 P.3d 547, 549 (Nev. 2010) ("[A] plaintiff may not

recover damages twice for the same injury simply because he or she has two legal theories.")). That is, Plaintiffs will not recover in excess of $15,000 for each of the nine causes of action merely because they allege the same damages under different legal theories. Moreover, Plaintiffs allege damages that significantly overlap. For example, Plaintiffs technically allege six types of damages, but many of these damage types, like "mental anguish," "humiliation and embarrassment," and "inconvenien[ce]" fall under "pain and suffering" damages. At best, Plaintiffs have alleged three separate types of damages: pain and suffering, lost wages/lost earning capacity, and injury to reputation. This only totals an amount in excess of $45,000. Therefore, it is not unequivocally clear and certain that Plaintiffs' alleged damages reach the jurisdictional threshold.[1]

Finally, Plaintiffs' prayer for relief seeks "general and special damages in excess of $15,000" along with unspecified amounts for punitive damages, interest, attorney's fees and costs, and other relief. ECF No. 1-1 at 36. While these amounts could in theory exceed $75,000, it is not unequivocally clear and certain from the first-amended complaint that they do. Therefore, the first-amended complaint did not trigger the 30-day clock. Instead, the demand letter triggered this clock, and Defendants' removal was timely.

### C. Amount in Controversy

In determining whether the amount in controversy is met, courts first look to the complaint. *Ibarra v. Manheim Invests., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). "Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). Here, as discussed above, it is not facially apparent from the first-amended complaint that the amount in controversy exceeds $75,000.

---

[1] The Court recognizes an additional issue. While a single plaintiff may seek a good-faith aggregation of his or her claims against a single defendant to meet the jurisdictional requirement, Plaintiffs have not shown why the Court may aggregate their claims against the two defendants here. *See Sky-Med, Inc. v. Fed. Aviation Admin.*, 965 F.3d 960, 966 (9th Cir. 2020); *see also Snyder v. Harris*, 394 U.S. 332, 335 (1969) ("Aggregation has been permitted only (1) in cases in which a single plaintiff seeks to aggregate two or more of his own claims against a single defendant and (2) in cases in which two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest.").

When it is not facially apparent from the complaint that the jurisdictional threshold is met, defendants must show, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Id.* at 404. As to the kind of evidence that may be considered, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Evidence may be direct or circumstantial. *Ibarra*, 775 F.3d at 1199.

To meet this burden, Defendants rely on Plaintiffs' demand letter.[2] ECF No. 9 at 8. Plaintiffs argue that Defendants fall short of their burden because they failed to provide supporting evidence to show that the demand letter was a reasonable estimate of Plaintiffs' claims. ECF No. 12 at 6. Defendants respond that the demand letter appears to be a reasonable estimate of Plaintiffs' damages because it includes "four pages of argument and fourteen exhibits setting out the facts, explaining Plaintiffs' damages, and comparing this case to allegedly 'similar incidents.'" ECF No. 9 at 8. Defendants further argue that Plaintiffs have made no attempts to disavow the demand letter, nor have they declared that the amount in controversy is less than $75,000. *Id.* at 9.

"A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837 (9th Cir. 2002). While the Ninth Circuit in *Cohn* did not elaborate on the meaning of "reasonable estimate," the Court noted that the plaintiff "made no attempt to disavow his letter or offer contrary evidence." *Id.* at 840. A few years later, the Ninth Circuit wrote:

> Appellant does not appeal the district court's determination that this estimate was reasonable. Were we to consider the question, however, we would agree with the district

---

[2] Because the Court resolves the amount-in-controversy issue based on the demand letter alone, it does not consider the parties' arguments regarding the offer of judgment.

court that the letter's estimate of $9.5 million in damages, even if imprecise, was sufficiently supported by details of the injuries claimed and clearly indicated that the amount in controversy exceeded the jurisdictional amount.

*Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007).

Here, Plaintiffs' demand letter is supported by approximately four pages of facts, two cases, and numerous exhibits. *See generally* ECF No. 11. Plaintiffs seek as follows: $1,500,000 for Ms. Brissett and $175,000 for each of her four children. *Id.* at 5. The letter includes a "Damages" section, in which Plaintiffs describe how they suffered emotionally, mentally, and/or professionally from Defendants' alleged behavior. *Id.* at 3. For example, the letter discusses how Ms. Brissett's youngest child suffered from not being able to breastfeed while her mother was in jail, and it explains the effect that Ms. Brissett's consequent arrest record had at her job. *Id.* at 5.

The letter also includes a section that details the facts underlying Plaintiffs' causes of action. *Id.* at 2–3. It discusses how police arrested Ms. Brissett in front of her two children, and how she spent six days in the Allegheny County Jail. *Id.* at 3. Finally, the demand letter compares Plaintiffs' case to two other cases, in which the plaintiffs recovered in excess of $75,000 each, that involved false vehicle-theft reporting. *Id.* at 3–4. In sum, the demand letter is a reasonable estimate of Plaintiffs' claims because it is supported by factual details of Plaintiffs' injuries, two cases, and clearly demanded an amount that exceeded $75,000. *See Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007) ("[T]he letter's estimate . . . was sufficiently supported by details of the injuries claimed and clearly indicated that the amount in controversy exceeded the jurisdictional amount.").

Moreover, Plaintiffs do not disavow their demand, nor do they assert they are seeking less than $75,000. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Instead, Plaintiffs dance around the point: they argue that false-imprisonment claims rarely result in damages in excess of $75,000, they cite language about how demand letters "can be a 'hyperbolic negotiation ploy,'" and they distinguish one of the cases cited in their demand letter. ECF No. 7 at 7 (quoting *Ruiz v. GEICO Gen. Ins. Co.*, No. 2:24-CV-00606-APG-BNW, 2024 WL 2059249, at *1 (D. Nev. May 8, 2024)). First, even if it is true that false-imprisonment claims seldom result in large awards of damages, this is only one of Plaintiffs' nine claims. Second, citing language about

hypothetical demand letters and negotiation ploys is not the same thing as stating that the demand letter here was a hyperbolic-negotiation tactic, which Plaintiffs do not do.[3] Third, distinguishing a case cited in the demand letter does not make the demand unreasonable, especially given the other supporting case and the specific facts underlying Plaintiffs' injuries. In sum, these arguments do not amount to a disavowal of the demand letter or a statement that Plaintiffs are seeking less than the jurisdictional threshold.

Finally, Plaintiffs argue that Defendants have not met their burden to prove that the amount in controversy exceeds $75,000 because they have not put forth evidence that supports that the demand letter is a reasonable estimate of Plaintiffs' claims. ECF No. 12 at 8. Plaintiffs seemingly premise these arguments on a rule that a defendant must provide evidence, in addition to the demand letter, that proves the demand letter is a reasonable estimate of the plaintiff's claims. However, Plaintiffs do not put forth case law establishing this rule, nor has the Court found binding authority saying as much.

In *Gaus v. Miles*, the case Plaintiffs primarily rely on, the Ninth Circuit considered whether the defendant met his burden to prove that the jurisdictional threshold was met. 980 F.2d 564, 566–67 (9th Cir. 1992). The Ninth Circuit held that the defendant had not met his burden because he "offered no facts whatsoever to support the court's exercise of jurisdiction" and his allegation that the "'the matter in current controversy exceeds [$75,000]'" was insufficient. *Id.* at 567. Plaintiffs liken this case to *Gaus* "because Defendants failed to present any evidence that the demand letter is reasonable." ECF No. 12 at 9. But these facts are distinguishable because, unlike the defendant in *Gaus*, Defendants here provided Plaintiff's detailed demand letter as evidence. Plaintiffs overlook the distinction between not providing additional evidence (here) and not providing evidence at all (*Gaus*). Moreover, in *Cohn*, the defendant relied "on a single piece of evidence: a letter from [the plaintiff] to [the defendant] offering to settle the dispute." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839–40 (9th Cir. 2002). The Ninth Circuit found that "[t]his

---

[3] In *Ruiz*, the case Plaintiffs cite to, the plaintiff admitted that his demand was a "hyperbolic negotiation ploy" and that he was not seeking the policy limit. 2024 WL 2059249, at *1 (internal quotations omitted). Here, Plaintiffs have made no such admissions.

evidence [was] sufficient to establish the amount in controversy." *Id.* at 840. Absent binding authority stating otherwise, the Court will not find that Defendants did not meet their burden because they failed to provide additional evidence in support of the demand letter.

Instead, the Court looks to the demand letter Defendants rely on to decide if it is more likely than not that the amount in controversy exceeds $75,000. Because Plaintiffs demanded $2,200,000, and because the letter is a reasonable estimate of their claims as discussed above, Defendants have met their burden. The Court has subject-matter jurisdiction over this action because the parties are diverse and the amount in controversy exceeds $75,000. *See supra*, Section I. Therefore, removal was proper.

### III.   MOTION TO SEAL

Plaintiffs did not oppose Defendants' motion to seal the demand letter, so the Court grants Defendants' motion under Local Rule 7-2(d). Additionally, the Court finds good cause to seal this document because it is a confidential, settlement communication. *See, e.g.*, *Hansen v. State Farm Mut. Auto. Co.*, No. 2:10-CV-001434-MMD, 2013 WL 1385639 (D. Nev. Apr. 3, 2013).

### IV.   CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' motion to remand (ECF No. 7) is DENIED.

**IT IS FURTHER ORDERED** that Defendants' motion to seal (ECF No. 10) is GRANTED.

DATED: October 23, 2024

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE