# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| Danielle S. Brissett, et al., | Case No. 2:24-cv-01382-BNW |
| Plaintiffs, | |
| v. | **ORDER** |
| Enterprise Leasing Company-West LLC, et al., | |
| Defendants. | |

Before the Court is a motion to seal the exhibits attached to each of the three petitions for minor compromise (ECF No. 30) and an accompanying motion to shorten time (ECF No. 31). For the reasons discussed below, the Court grants the motion to seal and finds the motion to shorten time moot.

## I. LEGAL STANDARD

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178–79 (alteration and internal quotation marks and citations omitted). The Ninth Circuit has further held that the full presumption of public access applies to technically non-dispositive motions and attached documents as well, as long as the motion is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

Given the "weaker public interest in non-dispositive materials," the court applies the good cause standard in evaluating whether to seal documents attached to a non-dispositive motion that

are not more than tangentially related to the merits of the case. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010); *Ctr. for Auto Safety*, 809 F.3d at 1101. "Non-dispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Pintos*, 605 F.3d at 678 (citing *Kamakana*, 447 F.3d at 1179).

When reviewing proposed settlements of a minor's claims, district courts must review any compromise or settlement of a minor's claims to ensure that the minor's interests are protected. *See Robidoux v. Rosengren*, 638 F.3d 1177, 1182 (9th Cir. 2011). "This inquiry is much closer to a dispositive motion than the type of collateral discovery dispute for which records may be sealed with just a showing of 'good cause.'" *Singleton v. Clark Cnty.*, No. 3:24-CV-05392-TMC, 2025 WL 2697140, at *2 (W.D. Wash. Sept. 22, 2025).

II. **ANALYSIS**

Here, Plaintiffs move to seal four exhibits relating to the three minors' petitions to approve the settlement: (1) Settlement Agreement and Release of All Claims, Waiver of Rights, and Agreement to Indemnify and Hold Harmless; (2) Emails Regarding Allocation of Net Settlement Funds to Minors; (3) Breakdown of Settlement Proceeds; and (4) Breakdown of Case Costs. ECF No. 30 at 6. Plaintiffs argue that there is good cause to seal these exhibits because they reference confidential information about Plaintiffs' attorneys' fees and costs and the settlement amount, and disclosure of this information could violate Plaintiffs' privacy rights. *Id.* at 5.

As referenced above, the compelling reasons—not good cause—standard applies. *See Singleton*, 2025 WL 2697140, at *2. Nonetheless, the Court finds compelling reasons to seal the exhibits given that they contain personal identifying information of Plaintiffs, which include the minors. *See A.G. by & through Gabot v. Albertson's LLC*, No. 2:24-CV-01943-CDS-MDC, 2025 WL 3004602, at *1 (D. Nev. Sept. 2, 2025) (finding compelling reasons to seal the petition to approve a minor compromise because the petition included medical information and personal identifying information). Moreover, to disclose anything beyond the fact that the settlement

agreements exist would not meaningfully advance the public's ability to understand the issue at hand. *See BBK Tobacco & Foods, LLP v. Aims Grp. USA Corp.*, No. 2:22-CV-01648-GMN-BNW, 2024 WL 4201896, at *1 (D. Nev. Sept. 13, 2024).

### III.    CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' motion to seal (ECF No. 30) is **GRANTED**. The Clerk's Office is directed to maintain ECF No. 29 under seal.

**IT IS FURTHER ORDERED** that Defendants' motion to shorten time (ECF No. 31) is **MOOT**.

DATED: January 9, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE